586 So.2d 1341 (1991)
Jacob SIEGEL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1842.
District Court of Appeal of Florida, Fifth District.
October 10, 1991.
*1342 Jacob Siegel, pro se.
No appearance for appellee.
DIAMANTIS, Judge.
Appellant appeals from an order summarily denying a motion for post-conviction relief pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
After having pled guilty or nolo contendere to the offenses of burglary of a dwelling and grand theft, appellant received a sentence of two years imprisonment followed by five years probation. Appellant completed his two-year prison term and, while on probation, he filed a motion for post-conviction relief claiming that his plea was involuntary and his counsel was ineffective. The trial court summarily denied the motion stating: "The [c]ourt having determined that the [d]efendant was released from custody on February 1, [1991], hereby denies [d]efendant's [m]otion since it is without merit."
First, we note that appellant's probationary status affords him standing to file a rule 3.850 motion. State v. Bolyea, 520 So.2d 562 (Fla. 1988). See also Shell v. State, 501 So.2d 1334 (Fla. 2d DCA 1987); Simmons v. State, 485 So.2d 475 (Fla. 2d DCA 1986).
In his motion appellant claims that his counsel was ineffective for failing to conduct an adequate pretrial investigation and to take other enumerated steps to adequately protect appellant's rights or interests. In order to maintain a claim of ineffective assistance of counsel in connection with either a nolo contendere or guilty plea, a complaining defendant must show that he, in fact, had a viable defense. Diaz v. State, 534 So.2d 817 (Fla. 3d DCA 1988); Frazier v. State, 447 So.2d 959 (Fla. 1st DCA 1984). Appellant fails to make such a showing and, therefore, we find that *1343 the trial court properly denied appellant's motion for post-conviction relief based on his claim of ineffective assistance of counsel.
Appellant also alleges that he was coerced into pleading by his attorney who pressed him to accept this sentence even though appellant said "No" and demanded to go to trial. Appellant claims that his attorney told him that he would drop appellant and that appellant would spend the rest of his life in prison if he did not plead. On a claim of an involuntary plea the trial court must determine whether the motion on its face conclusively demonstrates that the defendant is not entitled to relief. We conclude that if appellant's allegation that his plea was involuntarily entered is true, there exists sufficient ground for post-conviction relief. Griffin v. State, 573 So.2d 979 (Fla. 5th DCA 1991); Shell v. State, supra; Simmons v. State, supra. Compare Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991). Accordingly, it was error for the trial court to deny appellant relief without either conducting an evidentiary hearing or attaching portions of the record to refute this claim.
Accordingly, we affirm the trial court's order denying appellant's motion based on the contention of ineffective assistance of counsel, but we reverse the denial of appellant's motion based upon the claim that his plea was involuntarily entered. We further remand this cause to the trial court for either the attachment of portions of the record which conclusively show that appellant is entitled to no relief or for the trial court to hold an evidentiary hearing, if appropriate, on appellant's claim that his plea was involuntary.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
COBB and HARRIS, JJ., concur.