741 So.2d 1179 (1999)
Israel CAMELLON, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1642.
District Court of Appeal of Florida, Third District.
September 13, 1999.
Rehearing Denied November 3, 1999.
Bennett H. Brummer, Public Defender and Andrew M. Teschner, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Barbara A. Zappi, Assistant Attorney General, for appellee.
BEFORE: GERSTEN, GREEN, and SORONDO, JJ.
PER CURIAM.
As we conclude that the appellant has failed to preserve his appellate challenge *1180 to the voir dire proceeding by failing to renew any objections prior to the jury being sworn, see Mitchell v. State, 620 So.2d 1008, 1009 (Fla.1993); Joiner v. State 618 So.2d 174, 176 (Fla.1993), and further that any error regarding the trial court's refusal to permit the appellant from reopening his cross-examination of a state witness to elicit testimony regarding that witness' pending misdemeanor charge was truly harmless given the other overwhelming evidence of the appellant's guilt, see Thompson v. State, 553 So.2d 153, 155 (Fla.1989); Waterhouse v. State, 522 So.2d 341, 343 (Fla.1988); see also State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986), we affirm the appellant's convictions and sentences for first degree murder with a firearm and attempted second degree murder with a firearm.
However, as the state correctly concedes, this cause must be remanded with directions that the sentencing order be corrected to reflect that appellant was convicted under count II of the indictment for violation of sections 777.04(1) and 775.087, Florida Statutes (1995) rather than section 782.04(2), Florida Statutes (1995).
Affirmed and remanded with instructions in part.