762 So.2d 920 (1999)
Leonardo GONZALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1378.
District Court of Appeal of Florida, Third District.
October 13, 1999.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before NESBITT, COPE and SHEVIN, JJ.
PER CURIAM.
In this Anders[1] proceeding, Leonardo Gonzales appeals after imposition of judgment and sentence pursuant to a written plea agreement. In circuit court case number 97-332, defendant-appellant Morales was sentenced under the Prison Release Reoffender Punishment Act. See § 775.082(8)(a), Fla. Stat. (1997); ch. 97-239, §§ 1-3, Laws of Fla.
In his pro se brief, defendant contends that the Act is unconstitutional. First, he contends that, as applied to him, the statute amounts to an ex post facto law because defendant had been released from prison prior to the May 30, 1997, effective date of the statute. Defendant's argument is misplaced. The relevant date is the date of the crime for which the defendant pled guilty. Since defendant committed his crime after the effective date of the statute, the statute applies to him and there is no ex post facto violation. See Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999); Plain v. State, 720 So.2d 585, 586 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla.1999); Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999).
Defendant also contends that the statute is unconstitutional because it violates the separation of powers clause of the Florida Constitution. We reject that argument on authority of McKnight v. State, 727 So.2d 314, 319 (Fla. 3d DCA 1999), review granted, 740 So.2d 528 (Fla.1999). We certify that we have passed on the following question of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Affirmed; question certified.[2]
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] The same question has been certified in other cases. See, e.g., Moore v. State, 729 So.2d 541 (Fla. 1st DCA 1999), review granted, No. 95,604, 741 So.2d 1136 (Fla. Sept. 2, 1999); Cook v. State, 737 So.2d 569 (Fla. 5th DCA 1999); Simmons v. State, 755 So.2d 682 (Fla. 4th DCA 1999); Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999); Reyes v. State, 742 So.2d 825 (Fla. 1st DCA 1999); Gray v. State, 742 So.2d 805 (Fla. 5th DCA 1999).