PER CURIAM.
We have for review the decision in Gonzales v. State, 762 So.2d 920 (Fla. 3d DCA 1999), in which the district court certified the same question of great public importance which was certified in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999):
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
762 So. 2d at 920. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We recently approved the First District’s decision in Woods, holding that the Prisoner Releasee Reoffender Act, as properly interpreted by the First District, does not violate separation of powers, and rejecting other constitutional challenges to the Act. See State v. Cotton, Nos. SC94996 *283 & SC95281, — So.2d -, 2000 WL 766521 (Fla. June 15, 2000). Accordingly, for the reásons expressed in Cotton, we answer the certified question in the negative and approve the Third District’s decision regarding the issue posed therein.[1]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion.

. We do not express an opinion regarding the ex post facto argument addressed by the Third District in its opinion, as that issue has not been raised before this Court.