766 So.2d 452 (2000)
Leonardo GONZALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1696.
District Court of Appeal of Florida, Third District.
August 30, 2000.
Christopher L. Buttermore, Coral Springs, for appellant.
*453 Robert A. Butterworth, Attorney General, and Alison B. Cutler, Assistant Attorney General, for appellee.
Before FLETCHER, SHEVIN and SORONDO, JJ.
PER CURIAM.
Leonardo Gonzales (defendant) appeals from the trial court's order denying his motion to withdraw plea. During the pendency of the defendant's direct appeal, this court relinquished jurisdiction to the trial court for the limited purpose of ruling on the defendant's pro se motion to withdraw plea filed on June 17, 1998. On the date of the hearing on this motion, counsel for the defendant filed an amended motion to withdraw plea raising an additional allegation that the plea was involuntary because the defendant was under the influence of psychotropic medication. Because this court relinquished jurisdiction solely for a ruling on the motion filed on June 17, 1998, the trial court was correct in ruling that it was without jurisdiction to consider this additional claim at that time.
Only one of the defendant's claims in support of his motion to withdraw plea merits discussion. The record reflects that the defendant was charged in case number 97-332 with two counts of attempted first degree murder and one count of burglary with assault. On April 3, 1998, the state filed a notice of the defendant's qualifications as a prison releasee reoffender and required sentencing term pursuant to section 775.082, Florida Statutes (1997). Defense counsel forwarded a copy of this notice to the defendant on April 7, 1998.
On April 14, 1998, the defendant entered a negotiated guilty plea in case number 97-332 to two counts of the reduced charge of aggravated battery, in exchange for a recommended sentence of fifteen years. Neither the written plea agreement nor the plea colloquy contains any form of reference to the prison releasee reoffender punishment act, section 775.082(8), Florida Statutes (1997). On May 19, 1998, the trial court adjudicated the defendant guilty, found that he qualified as a reoffender pursuant to section 775.082 and sentenced him pursuant to this section to fifteen years in state prison in case number 97-332, with a concurrent sixty month term in case number 97-285. Subsequently, this court affirmed the defendant's judgment and sentence. See Gonzales v. State, 762 So.2d 920 (Fla. 3d DCA 1999), approved, 763 So.2d 282 (Fla. 2000).
In his motion to withdraw plea, the defendant contends, in pertinent part, that he did not fully understand the consequences of his negotiated guilty plea where "the prosecutor ... improperly sought having the defendant sentenced under the prison release [sic] re-offender act to seek a mandatory sentence while allowing the defendant to believe that he would not...." Although pre-plea correspondence between the defendant and his counsel demonstrates that the defendant was notified that the state intended to seek a prison releasee offender sentence pursuant to section 775.082, absolutely no mention of this section, or the fact that the fifteen-year sentence constituted a mandatory term, was made in either the written plea agreement or the plea colloquy conducted in open court.
At the outset of the subsequent sentencing proceeding, the prosecutor stated that the plea entailed that the defendant be sentenced under section 775.082. However, again no mention was made of the mandatory nature of a reoffender sentence under this section. As such, the defendant's claim that he was misled upon the entry of his plea that this would not be the case is not conclusively refuted by the record. See State v. Leroux, 689 So.2d 235 (Fla.1996). Accordingly, we reverse the order denying the defendant's motion to withdraw plea and remand with directions for the trial court to conduct an evidentiary hearing on the claim that the defendant's plea was involuntary due to misadvice *454 as to the application and mandatory nature of section 775.082(8).
We make no determination as to the merits of this claim. That decision is for the trial judge after the presentation of evidence supporting and/or refuting it. However, if the trial court denies the defendant's motion to withdraw plea, we direct the court to correct the written sentencing order to reflect that the fifteen-year sentence is pursuant to section 775.082(8). If the trial court permits the defendant to withdraw his plea, the State must be returned to the same position it was in before the plea agreement-it may reinstate all charges, again seek to qualify defendant as a prison releasee reoffender and argue for an enhanced sentence. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
Consistent with the trial court's oral pronouncement in denying the pro se motion to withdraw plea, our decision is without prejudice to defendant's right to raise the claim regarding psychotropic medication asserted in his amended motion to withdraw plea by way of a post-conviction relief motion.
Affirmed in part; reversed in part and remanded with directions.