PER CURIAM.
By way of an amended information, appellant, Judge Brandon, was charged with armed robbery, fleeing or attempting to elude a police officer, leaving the scene of an accident involving injury and resisting *1190 an officer without violence.[1] He proceeded to trial before a jury and was convicted of all counts. Appellant was sentenced to life in prison as a violent career criminal and as a prison releasee offender. In addition, appellant was sentenced to a concurrent five year prison term on the count for leaving the scene of an accident. As to the remaining misdemeanor convictions for fleeing or attempting to elude a police officer and resisting an officer without violence, the entry of sentence was suspended by the trial court below. This appeal followed.
In his first argument on appeal, the appellant claims that the trial court erred in allowing the state to exercise a peremptory challenge against a prospective African American juror where the race neutral reason offered for the strike was not in “genuine” accordance with the dictates of Melbourne v. State, 679 So.2d 759 (Fla. 1996). This issue, however, was waived and not preserved for appellate review where the appellant failed to either renew his objection prior to the jury being sworn or accept the jury subject to his earlier objection.[2] See Mitchell v. State, 620 So.2d 1008, 1009 (Fla.1993); Joiner v. State, 618 So.2d 174, 176 (Fla.1993); Camellon v. State, 741 So.2d 1179, 1180 (Fla. 3d DCA 1999).
The appellant next asserts that the denial of his motion for judgment of acquittal, as to the count for leaving the scene of an accident involving injury, was error where there was no evidence that he had actual knowledge of an injury and the circumstantial evidence was insufficient to establish that he reasonably should have known of an injury. Again, this issue was waived and not preserved for appellate review because the defense merely made a boiler plate motion for judgment of acquittal without grounds or argument. See Woods v. State, 733 So.2d 980, 984 (Fla. 1999); Whitfield v. Singletary, 730 So.2d 314, 315 (Fla. 3d DCA 1999); Griffin v. State, 705 So.2d 572, 573 (Fla. 4th DCA 1998); Miller v. State, 712 So.2d 451, 452 (Fla. 2d DCA 1998); Hornsby v. State, 680 So.2d 598 (Fla. 2d DCA 1996); see also Rule 3.380(b), Fla. R.Crim. P. (a motion for judgment of acquittal must “fully set forth the grounds on which it is based.”).
Finally, the appellant argues that his sentence as a violent career criminal and a prison releasee reoffender is unlawful because the Prison Releasee Reoffen-der Punishment Act, as codified at section 775.082(8), Fla. Stat. (1997) is unconstitutional, and further because his sentence as both a prison releasee reoffender and a violent career criminal is violative of double jeopardy. We reject the appellant’s constitutional challenge to the Prison Re-leasee Reoffender Punishment Act, section 775.082(8), Florida Statutes (1997). See State v. Cotton, 769 So.2d 345 (Fla.2000); see also Gonzales v. State, 762 So.2d 920 (Fla. 3d DCA 1999), aff'd, 763 So.2d 282 (Fla.2000).
The second prong of the appellant’s constitutional challenge to his sentence is that his dual sentence as a prison releasee reoffender and a violent career criminal is violative of double jeopardy. We have previously held that such a sentence is not violative of the double jeopardy clause, see Alfonso v. State, 761 So.2d 1231 (Fla. 3d DCA 2000), and accordingly affirm the sentence here. We certify conflict with Lewis v. State, 751 So.2d 106 (Fla. 5th *1191 DCA 1999) and Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999).
Affirmed; conflict certified.

. The appellant was also charged with unlawful possession of a firearm by a convicted felon but this count was severed from the remaining counts tried below and is not a subject matter of this appeal.

. This finding of waiver does not preclude the appellant from raising this issue on a post-conviction motion, as we are not addressing the merits of this issue.