801 So.2d 1024 (2001)
Michael JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2985.
District Court of Appeal of Florida, Fifth District.
December 21, 2001.
*1025 Michael Jackson, Cocoa, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant appeals the summary denial of his Rule 3.850 motion for postconviction relief. The defendant pled guilty to aggravated assault with a firearm, attempted second-degree murder with a firearm, and attempted first-degree murder with a firearm. These crimes were committed when the defendant was a juvenile. He was sentenced as an adult to a total of 300 months incarceration, with minimum mandatory terms for use of a firearm. In his 3.850 motion, the defendant claims that counsel coerced him into entering a plea of guilty against his will. He asserts that counsel told him that if he did not enter a guilty plea, he would be sentenced to 1,404 months incarceration. The defendant also alleges that counsel told him that the plea called for a sentence of 201 months incarceration, but he was subsequently sentenced to 300 months.
The trial court attached transcripts of the plea hearing and sentencing to refute the defendant's allegations. Because the defendant was charged with serious offenses, including a life felony, counsel cannot be deemed ineffective for advising him that he might be facing a potential sentence of 1,404 months. In Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991), this court held that an evidentiary hearing was required on a claim of coercion. In Siegel, the attorney not only promised the defendant that he would spend the rest of his life in prison if he did not plead, but also threatened to discontinue representing him. In the instant case, the defendant did not allege that counsel threatened to abandon him if he did not plead. The threat of abandonment was the primary fact supporting the claim of coercion in Siegel. Merely advising a defendant of the maximum sentence he would face if he goes to trial does not support a claim of coercion. Moreover, in Siegel v. State, there were no record attachments to the order denying relief. In the instant case, the trial court attached the plea hearing and sentencing transcripts to refute the defendant's allegations. At the plea hearing, the defendant did not indicate that he was coerced by counsel to enter the guilty pleas.[1]
As to defendant's claim that he was sentenced to 300 months instead of the agreed-upon 201 months, it was explained at sentencing that the sentence in the plea agreement was based on an inaccurate sentencing guideline scoresheet. The promised sentence would have constituted a downward departure under the corrected sentencing guideline scoresheet, and because of the seriousness of defendant's offenses, the court indicated it would not impose a downward departure. Defense counsel at sentencing did not move to withdraw the plea, but asked that defendant be sentenced to the low end of the guidelines.
The plea hearing transcript shows that the court promised defendant a sentencing cap of 207 months incarceration and not the 201 months that defendant alleges. Although the prosecutor at the plea hearing stated that the agreement *1026 called for a "recommendation" of 207 months incarceration, the judge ratified that recommendation at the hearing and promised defendant that he would not be sentenced to more than 207 months. The judge at the plea hearing stated, "I have advised your attorney that if you enter these pleas, I will be sentencing you as to all charges to not more than 207 months in the state prison system." The defendant alleges that when the scoresheet was revised, the new range was 223.05 months to 371.75 months. Once the 207-month sentence promised by the court could not be imposed due to the mutual mistake concerning the guidelines, defendant should have been allowed an opportunity to withdraw his plea, see Goins v. State, 672 So.2d 30 (Fla.1996). In Goins, the supreme court held that where there is a firm negotiated agreement for a specified sentence and judge determines to impose a greater sentence, defendant has the right to withdraw the plea, and the trial judge must affirmatively offer defendant that right. The court, though, did not offer defendant the choice to withdraw his plea at sentencing, and it is unclear whether defense counsel told the defendant that he had that option. Moreover, if the trial court could not have imposed the 207 months, it seems that the court should have imposed the minimum sentence under the guidelines of 223.05 months. By so doing, the sentence would correspond as much as possible to the original intent of the plea agreement.
The defendant could have filed a motion to withdraw his plea 30 days after sentencing, in order to preserve the issue for appeal. See Fla.R.Crim.P. 3.170(l). His failure to file such a motion raises the issue of whether the defendant waived any objection to the plea, and, if so, whether he is precluded from raising an involuntary plea claim in a Rule 3.850 motion. We hold that the defendant is not precluded from raising this claim when it is based on ineffective assistance of counsel. Thus, the ultimate issue is whether counsel should have filed a motion to withdraw plea, either before or after sentencing, on defendant's behalf. We, therefore, order an evidentiary hearing to determine if defendant's plea was unknowingly entered without full understanding of the consequences and whether the failure to have it set aside was due to ineffective assistance of counsel. The hearing should explore whether counsel failed to advise defendant that he had the option of withdrawing his plea, and whether the defendant would have exercised that option had he been so informed.
REVERSED; REMANDED.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] Defendant also claims that his attorney only visited him twice while he was in jail, but a lack of consultation between an attorney and his client does not constitute per se ineffective assistance of counsel. Defendant would have to demonstrate how he was prejudiced by the lack of consultation, which defendant did not do.