828 So.2d 405 (2002)
Robert D. BARNHILL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3107.
District Court of Appeal of Florida, Fifth District.
September 20, 2002.
*406 Robert D. Barnhill, Mayo, pro se.
Robert A. Butterworth, Attorney General, Tallahassee and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Robert Barnhill (defendant) appeals the final order entered by the trial court summarily denying his claim for postconviction relief. See Fla. R.Crim. P. 3.850. Concluding that the allegations of defendant's *407 motion were sufficient to entitle him to receive an evidentiary hearing, we reverse.
Defendant entered a plea of no contest to the charges of battery, battery upon a person 65 years of age or older, and unlawful possession of a controlled substance. In exchange for the defendant's plea, the State agreed to recommend a total sentence of five years imprisonment as a prison releasee reoffender. After accepting the defendant's plea, the trial court sentenced him in accordance with the terms of the plea agreement.
Eighteen months later, the defendant filed a motion seeking postconviction relief alleging, in addition to several other grounds, that his defense counsel was ineffective because counsel misadvised him that he would only serve three and one-half years in prison and failed to tell him that the court could impose a mandatory minimum five-year reoffender sentence. On the same day the motion was filed, the trial court entered an order denying the defendant any relief. This appeal timely followed.
Defendant contends that the trial court erred in summarily denying his motion because the claims set forth therein were not facially insufficient or refuted by the record. We agree.
In Foster v. State, 810 So.2d 910 (Fla.2002), our Supreme Court set forth the standard of review for summary denials of postconviction claims as follows:
To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record.

Id. at 914 (citing Peede v. State, 748 So.2d 253, 257 (Fla.1999) (citations omitted)).
In challenging the trial court's decision to summarily deny his motion, the defendant argues that the instant record does not conclusively refute his allegations that he was never advised by defense counsel that he would be required, as a prison releasee reoffender, to serve his entire sentence without receiving the benefit of any gain time or that counsel had not affirmatively advised him that he would only serve three and one-half years in prison on his five-year sentence. He claims that an evidentiary hearing would establish the veracity of his claim and therefore establish that his plea was entered involuntarily.
It must be recognized initially that any claim relating to the voluntariness of a defendant's plea must be pursued by the filing of a motion to withdraw the plea within thirty days after sentencing. Here, the defendant failed to file a timely motion to withdraw his plea; he instead filed a rule 3.850 motion seeking postconviction relief more than one year after sentencing. As a result, the defendant is constrained by his filing to limit his challenge regarding the voluntariness of his plea to allegations regarding the ineffective assistance of defense counsel in counsel's efforts to represent the defendant during the plea proceedings. See Jackson v. State, 801 So.2d 1024 (Fla. 5th DCA 2001). To that end, a claim regarding the involuntariness of a defendant's plea, when raised by the filing of a rule 3.850 motion, must be construed to be a claim that trial counsel was ineffective for failing to ensure that the plea was knowingly and voluntarily entered.
In summarily denying this claim, the trial court wrote that the claim was refuted by the record since the written plea form makes clear that the defendant was pleading as charged as a prison releasee reoffender and that the statutory maximum *408 would be a mandatory five years imprisonment as a prison releasee reoffender. The court also cited to the plea colloquy which made clear that the defendant read the written plea agreement and agreed with its contents. Also, during the plea dialogue the prosecutor stated that he was seeking to sentence the defendant as a prison releasee reoffender.
While the trial court was correct in concluding that the record demonstrates that the defendant was advised that he would receive reoffender sentencing, the record is devoid of any evidence which demonstrated that he was made aware by anybody of the fact that reoffender sentencing required him to serve his entire sentence without the benefit of receiving any gain time.
Florida courts have consistently ruled that defense counsel's failure to inform a defendant, prior to the time a plea is entered, that one of the consequences of pleading guilty and accepting a habitual felony offender sentence is that the defendant would be ineligible to receive any gain time awards while in prison, constitutes ineffective assistance of counsel because such failure results in the entry of an involuntary plea. See Golden v. State, 703 So.2d 1207 (Fla. 1st DCA 1997). In Gonzales v. State, 766 So.2d 452 (Fla. 3d DCA 2000) the Third District addressed an involuntariness claim to a sentence imposed under the Prison Releasee Reoffender Statute. The Gonzales court held that the issue of whether defendant's guilty plea was involuntary due to counsel's misadvice as to the mandatory nature of the fifteen-year sentence under the prison releasee reoffender statute required an evidentiary hearing because the claim was not conclusively refuted by the record, which indicated that neither the written plea agreement nor the plea colloquy referred to the mandatory nature of a reoffender sentence.
Based on this caselaw we conclude that the defendant was entitled to receive an evidentiary hearing on the issue of whether defense counsel misadvised him regarding the amount of time which he would serve as a result of being sentenced as a prison releasee reoffender.
The court has considered the other arguments raised by the defendant and conclude that they are meritless.
REVERSED and REMANDED.
COBB and SHARP, W., JJ., concur.