864 So.2d 521 (2004)
John Richard ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2397.
District Court of Appeal of Florida, Fifth District.
January 9, 2004.
John Richard Rogers, Mayo, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
John Richard Rogers appeals the summary denial of his Rule 3.850 motion for post conviction relief. We reverse.
Rogers was convicted of robbery, a second-degree felony, and was sentenced in 1991 to four years of incarceration followed by two years of probation. On 19 March 2003, Rogers was arrested for violating the terms of his probation. Pursuant to an agreement with the state, Rogers entered a plea of nolo contendere to the violation of probation charge with the understanding that he would spend 13.9 months in prison. The trial court crafted the sentence to reflect that agreement: The court imposed a sentence of 61.95 months of incarceration with 48 months and 91 days of credit for time spent in prison and jail.
Subsequently, Rogers filed his 3.850 motion alleging that his plea was not knowingly or voluntarily entered. Rogers alleged that at the time of the plea, he was not told that prison officials would forfeit eight months of his prior gain time and only give him credit for three years and four months of the initial four-year sentence. Rogers alleged that he learned of the forfeiture after he was transferred to state prison. He contended that had he known a portion of his gain time would be forfeited, he would not have entered the plea, but would have gone to the final hearing on the violation of probation charge. The trial court denied relief on a procedural basis: It ruled that the only involuntary plea claim that can be raised in a 3.850 motion is one claiming ineffective assistance of counsel and that Rogers's involuntary plea claim should have been raised in a motion to withdraw the plea within thirty days after sentencing.
Before 1997, a motion to withdraw plea had to be filed prior to sentencing. However, effective 1 January 1997, Florida Rule of Criminal Procedure 3.170 was *522 amended, and now a motion to withdraw plea can be filed before sentencing, or thirty days after sentencing. See Fla. R.Crim. P. 3.170(f) and (l). Rule 3.170(l) states that a defendant may file a postsentencing motion to withdraw plea, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e).[1] A post-sentencing motion to withdraw plea may allege a violation of the plea agreement or an involuntary plea.
This court has stated that if a defendant does not file a post-sentencing motion to withdraw plea, all issues are waived concerning the plea proceedings, and a 3.850 motion alleging an involuntary plea must be based on the collateral claim of ineffective assistance of counsel. Barnhill v. State, 828 So.2d 405 (Fla. 5th DCA 2002); Jackson v. State, 801 So.2d 1024 (Fla. 5th DCA 2001). This general rule does not apply in all situations. For example, the supreme court has held that if a trial court does not advise a defendant that he may be deported as a result of his guilty or nolo contendere plea, the two-year period of limitation does not begin to run until defendant realizes that he is facing possible deportation. Peart v. State, 756 So.2d 42 (Fla.2000). The insufficient plea colloquy in those cases was not known at the time of sentencing, but became apparent at the time of subsequent deportation proceedings. Likewise, there is no prejudice resulting from the insufficient plea colloquy until the defendant is faced with the threat of deportation. In the instant case, it was not until defendant learned from the Department of Corrections that his gain time would be forfeited that he realized his length of sentence was greater than that agreed to and anticipated by the parties at the plea hearing. The mutual mistake of all involved in the plea agreement concerning the length of sentence was not known at sentencing. Therefore, we hold the thirty day limitation of Rule 3.170(l) should not apply to bar Rogers's 3.850 motion.
We conclude that the trial court improperly applied the language in Barnhill and Jackson to the facts of this case. In Jackson, the trial court ratified a sentencing recommendation at the plea hearing, but imposed a greater sentence due to a scoresheet revision. The 3.850 motion based on an involuntary plea in Jackson was held to be legally sufficient because the defendant alleged that counsel was ineffective for not timely advising him that he had the right to withdraw his plea. Neither Barnhill or Jackson addressed a mutual mistake concerning the length of a sentence which was discovered after sentencing. Before Barnhill and Jackson, this court held that 3.850 relief is available when a judge tells a defendant that he will receive prison credit, and such credit is not forthcoming. See Jones v. State, 782 So.2d 552 (Fla. 5th DCA 2001) (reversing the trial court's denial of post-conviction motion "to enforce plea agreement," which alleged that plea was involuntary because the trial court had indicated that the defendant would receive full prison credit following a nolo plea to violation of probation). After the issuance of Jackson, this court continued to hold *523 that 3.850 relief is available when the trial court promises full prison credit, but the Department of Corrections subsequently forfeits gain time. Martin v. State, 816 So.2d 1213 (Fla. 5th DCA 2002). Therefore, the procedural denial of Roger's 3.850 motion is reversed, and the case is remanded for the trial court to consider the involuntary plea claim on the merits.
REVERSED and REMANDED, with directions.
PETERSON and PALMER, JJ., concur.
NOTES
[1] (A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:

(ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a. the lower tribunal's lack of subject matter jurisdiction;
b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
c. an involuntary plea, if preserved by a motion to withdraw plea;
d. a sentencing error, if preserved; or
e. as otherwise provided by law.