PER CURIAM.
Kevin Nichols shot and killed his victim and dumped his body in a trash can in the Halifax River. Nichols eventually entered a no contest plea to manslaughter with a firearm, a first-degree felony. Following an unsuccessful direct appeal, Nichols filed a Florida Rule of Criminal Procedure 3.850 motion, maintaining, among other things, that his plea was involuntary. Because he did not file a timely post-sentencing motion to withdraw his plea, the trial court correctly denied Nichols’ 3.850 motion. Any involuntary plea claim, when a previous motion has not been made to withdraw a plea, must be based on ineffective assistance of counsel, which Nichols failed to assert. See Barnhill v. State, 828 So.2d 405 (Fla. 5th DCA 2002).
We affirm the trial court’s order denying Nichols’ rule 3.850 motion, but remand for correction of a clerical error in the judgment so that it reflects that the crime for which Nichols was convicted was a first-degree felony, not a second-degree felony.
*1280 AFFIRMED and REMANDED for Correction.
SAWAYA, C.J., PALMER and ORFINGER, JJ., concur.