890 So.2d 529 (2005)
Steven HANDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1412.
District Court of Appeal of Florida, Second District.
January 7, 2005.
CANADY, Judge.
Steven Handley challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Handley claimed that he entered a negotiated plea for a minimum guidelines sentence. At the time of the plea, the State calculated the minimum guidelines sentence to be 36 months in prison. At the *530 time of sentencing, however, the scoresheet reflected that the minimum guidelines sentence was 47.55 months in prison. With the State's agreement, the trial court sentenced Handley to 36 months in prison, based on the State's original calculation of the minimum guidelines sentence.
In his 3.850 motion, Handley claimed that there were errors on his scoresheet related to the scoring of prior offenses. He claimed that the minimum guidelines sentence should have been approximately 23.55 months in prison. He also claimed that his plea agreement was for a minimum guidelines sentence, not to 36 months in prison, and he asked that the trial court correct his scoresheet and resentence him in accordance with the plea agreement.
In its response below, the State conceded that the scoresheet used at Handley's resentencing added points for offenses for which Handley was convicted as a juvenile and which occurred prior to the applicable three-year limit allowed for scoring such offenses. See § 921.0021(5), Fla. Stat. (2000). The State argued, however, that Handley is entitled to no relief because he had agreed to a term of 36 months and not to a minimum guidelines sentence. We disagree.
The felony plea form reflects that Handley and the State agreed to a prison sanction of "Min guideline = 36 mm, concurrent to existing sentence." It is clear from the form that the plea agreement was based on the understanding of both Handley and the State that 36 months was equal to the minimum guidelines sentence applicable to Handley's offense. The transcript of the sentencing hearing shows that when Handley was sentenced there was an understanding between the State and Handley that the correct minimum guidelines sentence exceeded 36 months. When Handley was resentenced neither he nor the State had contemplated that his correct minimum guidelines sentence was less than 36 months.
"A plea bargain is a contract which can be set aside for a mutual mistake of material fact." Fulcher v. State, 875 So.2d 647, 650 (Fla. 3d DCA 2004)(Cope, J., specially concurring); see also Jackson v. State, 801 So.2d 1024 (Fla. 5th DCA 2001); Coward v. State, 547 So.2d 990 (Fla. 1st DCA 1989); Brown v. State, 245 So.2d 41 (Fla.1971). Here, the record before us does not conclusively refute Handley's claim that the imposition of the 36-month sentence was the result of a misunderstanding  by both Handley and the State  concerning the minimum guidelines sentence applicable to Handley's offense. On remand, the trial court should determine the minimum guidelines sentence under a corrected scoresheet. If that sentence equals or exceeds 36 months, Handley will be entitled to no relief. If the corrected minimum guidelines sentence is less than 36 months, Handley should be given the opportunity to withdraw from the plea bargain based on a mutual mistake of fact. See Jackson, 801 So.2d at 1026 (holding that where "sentence promised by the court could not be imposed due to the mutual mistake concerning the guidelines, defendant should have been allowed an opportunity to withdraw his plea"). If Handley decides to withdraw his plea and is convicted after a trial, he may be subject to a sentence longer than 36 months. See Green v. State, 857 So.2d 304 (Fla. 2d DCA 2003).
Reversed; remanded with directions.
WHATLEY and NORTHCUTT, JJ., Concur.