916 So.2d 856 (2005)
STATE of Florida, Appellant,
v.
Twanna N. DEMPSEY, Appellee.
No. 2D04-5760.
District Court of Appeal of Florida, Second District.
August 31, 2005.
Rehearing Denied October 17, 2005.
*858 Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellant.
Danell G. DeBerg, St. Petersburg, for Appellee.
CASANUEVA, Judge.
The State of Florida appeals an order, arising from an unusual factual setting, that voided an executed and fully performed pretrial intervention (PTI) agreement. Although we appreciate the situation Twanna Dempsey presently confronts, the law does not afford her the remedy she received, and we must reverse.
For events occurring in mid-1995, the State charged Ms. Dempsey with exploitation of the elderly, grand theft, and abuse of an elderly or disabled person. The victim, a person for whom Ms. Dempsey was a caretaker, was seventy-eight years old at the time and suffered from diabetes, prostate cancer, Alzheimer's disease, and alcoholism. On February 20, 1998, Ms. Dempsey and the State entered into a PTI agreement under which Ms. Dempsey agreed to pay restitution to the victim and participate in the PTI program for twelve months. In exchange, the State agreed that upon full payment of restitution and her successful completion of twelve months in the PTI program, it would dismiss the charges. The written agreement also stated that the case and charges against her would not be subject to expunction pursuant to section 943.0585, Florida Statutes (1992), but could be sealed pursuant to section 943.059. The trial court thereafter ratified the agreement.
By April 1999 Ms. Dempsey had fully complied with her obligations under the agreement, so the State moved to dismiss the charges against her. On April 29, 1999, the trial court granted the State's motion and entered an order dismissing the case.
On September 16, 2004, Ms. Dempsey moved to set aside the PTI agreement, vacate the dismissal, and reinstate the charges against her. Her motion alleged that following the dismissal of the charges against her, she had pursued and completed a course of education to become certified as a school teacher, but she had been rejected for employment by several school districts. In particular, the Pinellas County School Board considered her participation in the PTI program an admission of guilt, thereby making her ineligible for employment within that district. She claimed she misunderstood her contract with the State, there was no "meeting of the minds," and the dismissal of her charges was "ambiguous" and should be deemed void because third parties, particularly the Pinellas County School Board, do not recognize the dismissal. She sought rescission of the contract due to her mistake *859 as to the material effect of the PTI agreement, asserting that at the time she entered into the PTI agreement she assumed that the dismissal of the case against her would, in essence, wipe the slate clean.
During the motion hearing, her counsel particularly focused on the alleged frustration of the contract's purpose caused by her inability to obtain employment in the teaching field. In response, the State noted that the PTI contract contained no promise that her record would be wiped clean. Additionally, the State argued that during the negotiations preceding the contract, Ms. Dempsey never represented that she would be seeking a career as a schoolteacher. Finally, the State objected because it could not be returned to its precontract position as it now lacked a victim and its ability to proceed with a prosecution was severely impaired.
We sympathize with Ms. Dempsey's plight. Her pursuit of an education to become a productive member of this society evidences her fortitude and determination. However, there is no legal basis upon which the trial court's ruling may be upheld. Her remedy lies with either a legislative modification of existing statutory law or an executive decision by the school board to amend its exclusionary policy. These policy determinations are best left to those elected to make such decisions.
A PTI agreement is in the nature of a contract, similar to a plea agreement. Thus, rules of contract law apply. A.D.W. v. State, 777 So.2d 1101 (Fla. 2d DCA 2001); see also Metellus v. State, 817 So.2d 1009 (Fla. 5th DCA 2002) (holding that a defendant will not be relieved of an obligation that was included as a specific component of a plea agreement that was bargained for and voluntarily entered into by him), approved on other grounds, 900 So.2d 491 (Fla.2005). Because the issue in this case presents a question of law, our standard of review is de novo. Cf. Escobar v. United Auto. Ins. Co., 898 So.2d 952 (Fla. 3d DCA 2005) (holding that the question of ambiguity in an insurance contract is a question of law for the court, not a question of fact for the jury).
Mutual mistake of material fact can be a basis on which to set aside a plea agreement. See Handley v. State, 890 So.2d 529 (Fla. 2d DCA 2005) (citing Fulcher v. State, 875 So.2d 647, 650 (Fla. 3d DCA 2004) (Cope, J., specially concurring)). Ms. Dempsey's contention is that because she did not know that the Pinellas County School Board would subsequently reject her application to teach solely on the basis of her participation in the PTI program, a mutual mistake of fact occurred, thereby preventing the contractual meeting of the minds requirement. The State counters that this is not so, because the PTI agreement itself clearly stated in paragraph seventeen:
17. The Defendant further stipulates and agrees that the case and charges referred to herein shall not be subject to expungement pursuant to Section 943.0585, Florida Statutes (1992)[sic], but may be sealed pursuant to Section 943.059, Florida Statutes (1992)[sic], provided the Defendant otherwise meets the criteria for a court ordered sealing of criminal history information.
Section 943.0585(4)(a), relating to the effect of criminal history record expunction, provides:
The person who is the subject of a criminal history record that is expunged ... may lawfully deny or fail to acknowledge the arrests covered by the expunged record, except when the subject of the record:
....

*860 6. Is seeking to be employed or licensed by the Office of Teacher Education, Certification, Staff Development, and Professional Practices of the Department of Education, any district school board, or any local governmental entity that licenses child care facilities.
Based on paragraph seventeen of her PTI agreement and the statutory references therein, we conclude that Ms. Dempsey cannot maintain that she mistakenly thought her record would be wiped clean. However, even if her charges had been subject to expunction, she was deemed to be aware that pursuant to the statute, she could not deny or fail to acknowledge the fact of her arrest on the charges should she seek employment by any district school board. The same holds true for the sealing of her record, which the PTI allowed. Section 943.059(4)(a)(6) provides that the subject of a sealed criminal history record could deny or fail to acknowledge the arrests covered by the sealed record, except when the subject of the record seeks to be employed by a district school board. The terms of her contract, and the statutory references therein, clearly placed her on notice that her teaching aspirations might be stymied by the charges. Therefore, as a matter of law, the trial court improperly set aside the fully performed PTI agreement based on its finding that there was a mistake and no meeting of the minds.
Even though Ms. Dempsey may have made a unilateral mistake in understanding the material effect of her contract, it was fully performed by the State. Thus, unilateral mistake also could not provide a basis for the trial court to set it aside. See Hinzelin v. Bailly, 155 Fla. 837, 22 So.2d 43 (Fla.1945) (holding that where a contract for exchange of deeds was fully performed, it could not be rescinded based on unfulfilled promises that were collateral to the contract); see also Kent v. Water Comm'rs of Barnstable Fire Dist., 339 Mass. 160, 158 N.E.2d 140 (1959) (holding the defendant to the terms of his contract where the other party had fully performed its obligations under it).
We also are not persuaded by Ms. Dempsey's argument that she has shown "frustration of purpose" sufficient to provide her relief. "`Frustration of purpose' refers to that condition surrounding the contracting parties where one of the parties finds that the purposes for which he bargained, and which purposes were known to the other party, have been frustrated because of the failure of consideration, or impossibility of performance by the other party." Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614, 617 (Fla. 2d DCA 1965). Here, the purpose of the PTI agreement was to resolve a pending criminal action while allowing the accused to avoid prosecution and potential conviction. The State did not frustrate Ms. Dempsey's teaching desire for several reasons. First, the purpose of the PTI agreement was not to advance her desire to become a teacher; second, assuming that this was a purpose of the contract, the State neither concealed nor misrepresented the effects of the contract. The consequences about which Ms. Dempsey complains resulted from the conduct of actors not a party to the contract.
Finally, Ms. Dempsey's argument that the contract, or more specifically the dismissal, is ambiguous lacks merit. The contract clearly provided that if she paid restitution and successfully performed all the conditions of the PTI program within the following twelve months the State would dismiss the case. There is no ambiguity in the contract. Nor was the dismissal ambiguous. The dismissal precluded her prosecution for the charges set forth in the information. How a school *861 board chooses to interpret an applicant's history is not related to the dismissal of the criminal proceedings.
Absent a legal basis to do so, the trial court erred when it set aside the contract that Ms. Dempsey and the State entered into in 1998 and reinstated the criminal proceedings against her. In essence, Ms. Dempsey has tried to set aside an agreement that was extremely advantageous to her in 1998 but less so now in her present circumstances, based on the actions of a stranger to that agreement.
We reverse the trial court's order setting aside the PTI agreement and remand with instructions to vacate the reinstatement of the criminal proceedings currently pending against her.
ALTENBERND and SALCINES, JJ., Concur.