PER CURIAM.
Steven Defontes appeals the trial court order summarily denying his motion for post-conviction relief in which he claimed that his guilty pleas to robbery and violation of probation from an earlier case were involuntary. Defontes made four interrelated claims of involuntary pleas in his motion. The trial court order denied the first three but did not address the fourth claim.
*1131 The interrelated claims were that De-fontes was not told by the court or counsel, and the prosecutor withheld the information, that he faced a maximum sentence of fifteen years in prison for the robbery and seven years for the violation of probation, based on an agreement in the latter case. Instead, Defontes alleged that he was advised at his plea hearing that he faced sentences of fifteen years on each case, which could run consecutively. He alleged that he learned of the seven year maximum on the violation of probation case only at sentencing, and that he would not have entered his pleas had he known the true maximum terms he faced.
The State has conceded the need for an evidentiary hearing on the first three, interrelated claims in the context of a claim of ineffective assistance of trial counsel resulting in involuntary plea. See Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004); Barnhill v. State, 828 So.2d 405 (Fla. 5th DCA 2002). The State also concedes the need to remand for the trial court to consider appellant’s fourth claim which the trial court did not expressly address. We agree with this disposition and therefore reverse and remand for an evidentiary hearing on claims one through three as an ineffective assistance of counsel claim resulting in involuntary plea, and for the trial court to address claim four.

Reversed and Remanded.

GUNTHER, FARMER and KLEIN, JJ., concur.