PER CURIAM.
Gary Knauff appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Knauff raised several claims in his motion, only one of which has merit.
Included in Knauffs second claim is an allegation that Knauffs plea was involuntary and coerced by threats of trial counsel, shortly before trial, that if Knauff did not accept the State’s plea offer, counsel would abandon him. These allegations present a facially sufficient claim. See Jackson v. State, 801 So.2d 1024 (Fla. 5th DCA 2001); Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991). Because the trial court summarily denied this claim without attaching portions of the record that refute it,[1] we reverse with respect to this issue only. On remand, the trial court must either attach portions of the record that conclusively refute this claim or hold an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED with instructions.
PALMER, MONACO and LAWSON, JJ., concur.

. The trial court's order did include, as an attachment, a transcript of the plea hearing. However, the judge who accepted the plea failed to make any inquiry of Knauff to assure that his plea was voluntary and not coerced, as expressly required under Florida law. See Fla. R.Crim. P. 3.170(h), 3.172. The plea in this case was taken by a different judge than the one who considered Knauffs 3.850 motion.