[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13272
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cv-02041-CEH-TBS

ANDREW BREWER,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF
CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 7, 2015)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Brewer, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition related to his convictions and life sentences imposed after he pled guilty to second-degree murder and burglary of a dwelling while armed. Relevant to this appeal, a provision of his written plea agreement provided that the State would not recommend "a number of years" at sentencing. Brewer pled guilty after both his counsel and the State informed the court at the plea hearing that, under the plea agreement, the State was free to argue for a life sentence. At sentencing, Brewer's counsel did not object when the State asked the court to impose a life sentence. Brewer raised a breach-of-plea claim for the first time on state post-conviction review. The state post-conviction court denied relief, finding that Brewer's substantive claim that his plea was involuntary because of the State's alleged breach of the plea agreement was procedurally barred and that Brewer had failed to establish ineffective assistance of counsel to excuse the procedural default. The district court denied his § 2254 and Brewer appeals.

On appeal, Brewer first argues that the state post-conviction court's determination that the prosecution did not breach the plea agreement was based on an unreasonable determination of the facts and application of the law because he only signed the agreement with the "reasonable understanding" that the state would "stand down" at sentencing and make no recommendation. He next argues that his

2

counsel was constitutionally ineffective for not objecting to the State's argument in favor of a life sentence because, if his counsel had objected, there was a reasonable probability that the court would have allowed him to withdraw his plea.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

I.

We review a district court's decision to grant or deny a habeas petition *de novo*, including its determination of whether the state court's decision was unreasonable. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d 739, 743 (11th Cir. 2011). In a § 2254 habeas proceeding, where the petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits our review of a state court decision. 28 U.S.C. § 2254(d). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d).

The phrase "clearly established federal law" in § 2254(d) "refers to the holdings, as opposed to the dicta, of [the decisions of the United States Supreme Court] as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Under § 2254(d)(1)'s "contrary to" clause, we will grant relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id*. at 412-13, 120 S.Ct. at 1523. Under § 2254(d)(1)'s "unreasonable application" clause, we will grant relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413, 120 S.Ct. at 1523. We may overturn factual findings by the state habeas court only when a petitioner produces "clear and convincing evidence" that those findings are erroneous. 28 U.S.C. § 2254(e)(1).

A federal claim is subject to procedural default when the state court applies an independent and adequate ground of state procedure to conclude that the petitioner's federal claim is barred. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). A state's procedural ruling rests on independent and adequate state grounds if: (1) the last state court rendering a judgment in a case clearly and expressly

states that it is relying on state procedural rules to resolve the federal claim without reaching the claim's merits; (2) the rule relied upon is not intertwined with federal law; and (3) the state law is adequate, meaning that it is not applied in an arbitrary or unprecedented fashion. *Id.* A procedural default may be excused, however, if the movant establishes (1) "cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error," or (2) a fundamental miscarriage of justice, which means actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (emphasis in original). A *pro se* petitioner is not exempted from the cause-and-prejudice requirement and "must still show either that an objective factor external to himself caused him to default his claim, or that the defaulted claim raises an issue that was 'intrinsically beyond [a] pro se petitioner's ability to present.'" *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (alteration in original) (citation omitted). A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim . . . ." *Id.* (citation omitted). A claim of ineffective assistance of counsel, if both exhausted and not procedurally defaulted itself, may constitute cause. *Hill v. Jones*, 81 F.3d 1015, 1029-31 (11th Cir. 1996).

The state court determined that Brewer's claim that the prosecution breached his plea agreement was procedurally barred. Brewer has not shown that that determination was error or cause and prejudice to excuse the default.

To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064.  To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687, 104 S.Ct. at 2064.  The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065.  A defendant may satisfy the prejudice prong by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.  The Supreme Court has elaborated that "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011).  To show prejudice when challenging a guilty plea based on ineffective assistance of counsel, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).  Given the deference owed counsel

under *Strickland* in combination with AEDPA, our review of a claim of ineffective assistance brought under § 2254 is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

Appellate counsel need not "raise all nonfrivolous issues on appeal." *Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009) (citation omitted).  We will find appellate counsel's performance prejudicial if a "neglected claim would have a reasonable probability of success on appeal." *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991).

In *Barnhill v. State*, Florida's Fifth District Court of Appeal noted that "any claim relating to the voluntariness of a defendant's plea must be pursued by the filing of a motion to withdraw the plea within thirty days after sentencing." 828 So.2d 405, 407 (Fla. Dist. Ct. App. 2002).  The court held that Barnhill's claim challenging the voluntariness of his plea was limited to considering whether he received ineffective assistance of counsel because Barnhill raised the claim in a state post-conviction motion under Florida Rule of Criminal Procedure 3.850 without first having filed timely a motion to withdraw his plea.  *Id.*

"[P]lea bargains are essentially contracts." *Puckett v. United States*, 556 U.S. 129, 137, 129 S.Ct. 1423, 1430, 173 L.Ed.2d 266 (2009).  In *Santobello*, the Supreme Court held that, "when a plea rests in any significant degree on a promise by the government, so that it can be said to be part of the inducement or

consideration, such a promise must be fulfilled." 404 U.S. at 262, 92 S.Ct. at 499.

Where the government fails to fulfill a promise that induced a guilty plea, the court

that sentenced the defendant has the discretion to fashion an appropriate remedy,

such as allowing the defendant to withdraw his guilty plea or ordering specific

performance. *Id.* at 262-63, 92 S.Ct. at 499.

Given the record of Brewer's written plea agreement and his change-of-plea

hearing, the state post-conviction court did not unreasonably apply clearly

established federal law, or make an unreasonable determination of the facts, in

rejecting his claim that his counsel was ineffective for not objecting to the State's

alleged breach of the plea agreement in seeking a life sentence at sentencing.

Counsel was not ineffective for failing to object when the State asked for a life

sentence because any objection would have been meritless because the parties

made clear at the change-of-plea hearing that the State was permitted to make such

a request under the plea agreement.

**AFFIRMED.**

8