IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WHITLEY A. MCRAE,

      Appellant,

 v.                                   Case No.  5D16-2444

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 10, 2016

3.850 Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

Whitley A. McRae, Ocala, pro se.

No Appearance for Appellee.


PER CURIAM.

      Whitley A. McRae appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  We affirm as to Grounds Two, Three, and Four.  In Ground One, McRae alleges her plea was involuntary due to a combination of psychotropic medications she was taking at the time she entered her plea. Although she did not allege that counsel was ineffective, we construe Ground One as if she had.  See Barnhill v. State, 828 So. 2d 405, 407 (Fla. 5th DCA 2002) ("[A] claim regarding the involuntariness of a defendant's plea, when raised by the filing of a rule

3.850 motion, must be construed to be a claim that trial counsel was ineffective for failing to ensure that the plea was knowingly and voluntarily entered."); see also Jackson v. State, 801 So. 2d 1024, 1026 (Fla. 5th DCA 2001). Because the written plea form and colloquy attached to the trial court's order does not conclusively refute a claim that counsel was ineffective for failing to ensure McRae's plea was knowingly and voluntarily entered, see Pagliaro v. State, 963 So. 2d 902, 904 (Fla. 5th DCA 2007) (finding evidentiary hearing was required where defendant was never asked whether he was under the influence of any medications), we reverse the summary denial of Ground One and remand for attachment of portions of the record conclusively refuting that claim or for an evidentiary hearing. See Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citing Maharaj v. State, 684 So. 2d 726 (Fla. 1996))).

AFFIRMED in part, REVERSED in part, and REMANDED.

EVANDER, BERGER and LAMBERT, JJ., concur.