172 So.2d 245 (1965)
Leroy M. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5329.
District Court of Appeal of Florida. Second District.
March 3, 1965.
A.K. Black, Lake City, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
The appellant has taken an appeal from a summary denial of his motion to vacate judgment and sentence under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
It is alleged that the appellant entered a coerced plea of guilty and is therefore entitled to relief under Jones v. State, Fla. App. 1964, 165 So.2d 191. The appellant states that he did not want to plead guilty, but did so upon the advice of his attorney, because his attorney informed him that the prosecution had "an airtight case" with 12 witnesses, including the defendant's children, testifying against him. There are no allegations or evidence to the effect that the defendant's attorney was incompetent, or to the effect that the prosecution played any part in the circumstances surrounding this plea of guilty. The appellant never moved to withdraw his plea of guilty and did not object to it in any manner until this proceeding. Viewing the allegations in a light most favorable to the appellant, it can only be said, at worst, that upon being advised by his attorney, the appellant may not have pursued the best possible course of action. The record does not even support this inference. *246 The contention that this was a coerced plea of guilty cannot be sustained.
Other questions raised by the appellant do not merit discussion. See Brown v. State, Fla.App. 1964, 164 So.2d 34; Gammage v. State, Fla.App. 1964, 162 So.2d 529; and Everett v. State, Fla.App. 1964, 161 So.2d 714.
Affirmed.
SMITH, C.J., and SHANNON and ANDREWS, JJ., concur.