580 So.2d 808 (1991)
Harold DEAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-303.
District Court of Appeal of Florida, Third District.
May 14, 1991.
Rehearing Denied July 11, 1991.
*809 Harold Dean, in pro. per.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and LEVY, JJ.
BARKDULL, Judge.
This is an appeal from the summary denial of a Rule 3.850 motion.
The appellant, Harold Dean, was charged in a four count amended information with attempted first degree murder, unlawful possession of a firearm while engaged in a criminal offense, armed burglary, and grand theft. The defendant pled guilty to the first three charges, and entered a plea of nolo contendre to the charge of grand theft. In exchange for the plea bargain, the defendant received a fifteen year sentence with a three year mandatory minimum imposed concurrently on counts one and three.
In his motion for post-conviction relief, the defendant alleged that he was entitled to relief based upon the following grounds:
1) The sentence is based upon an involuntarily obtained confession;
2) The defendant was denied effective assistance of counsel because his attorney failed to move to suppress his involuntary confession;
3) The conviction was obtained by a plea of guilty to prevent self-incrimination due to ineffective assistance of counsel and;
4) The defendant's counsel, a public defender, pressured him into a plea of guilty and the court backed it up with an intimidating threat.
The trial court summarily denied the motion for post-conviction relief on October 2, 1990. The defendant moved for rehearing which was subsequently denied on December 6, 1990. This appeal followed.
We issued a rule to show cause. The State responded that the defendant's first claim raised in the petition, that his "sentence" was based upon an involuntarily obtained confession, is not cognizable in a motion for post-conviction relief. See Whitlow v. State, 256 So.2d 48 (Fla. 2d DCA 1971). (Effect of guilty plea was to preclude attack, by way of post-conviction conviction motion to vacate judgment and sentence, on validity of evidence or admissibility of evidence) and Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969). (A plea of guilty is a waiver of several constitutional rights, including the fifth amendment privilege against self-incrimination, and the sixth amendment rights to insist on a jury trial). Therefore, the trial court properly summarily denied the defendant's motion with respect to this claim.
*810 The defendant's second claim, that he was denied effective assistance of counsel because his attorney failed to move to suppress his involuntary confession, is merely an attempt to raise a claim not cognizable on the merits, by casting it in the guise of an ineffective assistance of counsel claim. See Johnson v. Wainwright, 463 So.2d 207, 209-210 (Fla. 1985). He is therefore precluded from raising this claim as an attempt to go behind the plea. Stano v. State, 520 So.2d 278 (Fla. 1988) (Defendant's claims of ineffective assistance of counsel and involuntariness of his guilty pleas were precluded as attempts to go beyond the pleas, where defendant had assured trial court under oath, that his pleas were voluntary, and where competent basis existed for trial court's acceptance of the pleas). Dancy v. State, 175 So.2d 208 (Fla. 3d DCA 1965) (Motion to vacate judgment and sentence was properly denied where allegations concerning psychological coercion, inadequacy of counsel, and prejudice of judge, were conclusions of pleader and were not supported by any factual allegations).
The third claim is totally refuted by the transcript of the plea hearing.[1]
In the defendant's final claim, he alleges that his public defender pressured him into a plea of guilty and the court backed it up with an intimidating threat, i.e., defendant entered an involuntary plea of guilty.
In Thomas v. State, 172 So.2d 245 (Fla. 2d DCA 1965) the court held the contention that the defendant did not wish to plead guilty but did so on the advice of his attorney was insufficient to show a coerced plea of guilty as grounds for vacating his judgment and sentence. The defendant's allegations in this case are similar to those in Thomas. Therefore, the allegations are facially insufficient to state a claim for relief.
The plea colloquy from this case, conclusively demonstrates that the defendant was not forced or pressured into entering into this plea, but voluntarily agreed to it once he was apprised of the possible sentence he could receive following a jury trial.
Instead of remanding this case back to the trial court for attachment of the portions of the record which conclusively refute this claim, the state requests this court should affirm the order summarily denying post conviction relief based upon the following authorities. Mikenas v. State, 460 So.2d 359 (Fla. 1984) (Defendant failed to establish guilty plea was involuntary since defendant fully understood the nature and consequences of his plea, and the record showed the plea was not the result of promises, threats, or coercion); *811 Yeargin v. State, 277 So.2d 294 (Fla. 4th DCA 1973).
Following review of the authority cited by the respondent/state, we affirm the order of denial.
Affirmed.
NOTES
[1] "THE COURT ... And I'm going to find you guilty and adjudicate you guilty on that charge, count three, the burglary charge. I'm also going to sentence you to fifteen years in State Prison with a mandatory minimum of three years before you're eligible for parole, but I'am going to run that sentence concurrent. Concurrent means at the same time. So the two fifteen year sentences will start the same day and they will end the same day and that's what concurrent means. And for the grand theft, I'm going to sentence you to five years in State Prison. That sentence will start at the same time that the fifteen year sentences start but, obviously, will end here before those other sentences. I'm also going to give you credit for any time you've been in jail since the day you were arrested up until today's date. That will be your sentence, Mr. Dean. Knowing that, do you still want to go ahead and enter these pleas today?

THE DEFENDANT: Well, if I enter these pleas today, will I have a trial today?
THE COURT: No. There will be no trial if you enter these pleas.
THE DEFENDANT: When will there be a trial.
THE COURT: Right now.
THE DEFENDANT: Right now?
THE COURT: And if you're found guilty, you're looking  as I told you, you're looking at a couple hundred years.
THE DEFENDANT: I'll plead guilty.
THE COURT: Have you discussed your plea of guilty with your attorney, Mr. Rauch?
THE DEFENDANT: Yes.
THE COURT: Are you satisfied with his services?
THE DEFENDANT: Yes.
THE COURT: Has anybody forced you to enter these pleas?
THE DEFENDANT: No.
THE COURT: Has anybody twisted your arm or given you anything to get you to enter these pleas?
THE DEFENDANT: No, Sir.
THE COURT: Is this your decision to go ahead and do this?
THE DEFENDANT: My decision.
THE COURT: Okay."