764 So.2d 794 (2000)
Robert L. BUTLER Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1086.
District Court of Appeal of Florida, Second District.
July 21, 2000.
*795 PER CURIAM.
Robert L. Butler appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand this case for further consideration.
After receiving the State's notice of intent to seek habitual felony offender sanctions, Butler pleaded no contest to attempted first-degree murder and to being a felon in possession of a firearm in one case, and to failure to appear in another case. He was sentenced as a habitual felony offender to fifteen years' incarceration in the former case, and to a five-year guidelines sentence in the latter.
In his motion for postconviction relief, Butler contended his plea was involuntary under Ashley v. State, 614 So.2d 486 (Fla. 1993) (holding the State was required to serve written notice of intent to seek habitual offender sanctions prior to a defendant's plea), because the trial court and his counsel failed to inform him that he would be ineligible for gain time and parole release prior to the court accepting his plea. Butler's motion asserts that had he known of these consequences of a habitual offender sentence, he would have elected to go to trial rather than enter a plea.
The circuit court's order denying relief relied on Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992), for the proposition that neither the trial court nor counsel is required to warn a defendant of every conceivable collateral consequence of a plea. However, in Ashley the supreme court held that before a court may accept a plea to a charge for which the defendant may be habitualized, the court must confirm that the defendant is aware of the possibility and reasonable consequences of habitualization. These include the possibility that habitualization may affect the defendant's eligibility for early release. Ashley, 614 So.2d at 490, n. 8.
In State v. Thompson, 735 So.2d 482 (Fla.1999), the court determined that, absent a timely motion to withdraw a plea, the issue of whether a defendant was properly informed of the collateral consequences of habitualization was a postconviction issue. Therefore, Butler properly raised this issue in his motion for postconviction relief. See Saling v. State, 705 So.2d 937 (Fla. 2d DCA 1997).
On remand, the circuit court shall reconsider this claim and either deny it by attaching a record sufficient to refute it, or hold an evidentiary hearing on the claim.
Reversed and remanded.
PARKER, A.C.J., and ALTENBERND and NORTHCUTT, JJ., Concur.