PER CURIAM.
We partially reverse an order summarily denying ’ Appellant’s motion for post-conviction relief, pursuant to rule 3.850, Florida Rules of Criminal Procedure. The State agrees, in its response to this court’s order to show cause with respect to the first and second claims of Appellant’s first ground for relief, both based on claims of ineffective assistance of counsel, that the record does not conclusively show that Appellant is not entitled to relief on those claims.
*417 Appellant attacks Ms guilty plea to a charge of lewd and lascivious assault on a child under the age of sixteen years. We note that a voluntary plea “cuts off inquiry into all that precedes it,” barring the defendant from contesting events that happened before the plea. Stano v. State, 520 So.2d 278, 280 (Fla.1988); accord Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991). Nevertheless, here, the allegations are intertwined with Appellant’s challenges to the voluntariness of his plea. The summary order of denial includes no excerpts from the record establishing that the plea was voluntary.
Accordingly, we reverse and remand the summary denial of the first two claims of Appellant’s first ground for relief insofar as they challenge the voluntariness of the plea. We affirm the remaining claims of that ground and the other two grounds for relief without discussion.
Affirmed in part, reversed in part, and remanded for an evidentiary hearing or attachments of portions of the record demonstrative that Appellant is not entitled to relief.
STONE, POLEN, and HAZOURI, JJ., concur.