KELLY, Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Clay Murphy challenges his conviction and sentence for possession of cocaine with the intent to sell. We have reviewed the record and conclude that the trial court did not abuse its discretion when it denied Murphy’s motion to withdraw his guilty plea filed pursuant to Florida Rule of Criminal Procedure 3.170.
Rule 3.170(i) allows a defendant to challenge the entry of his plea within thirty days after sentencing based on the reasons set forth in Florida Rule of Appellate Procedure 9.140(b)(2)(A). Murphy alleged that he entered his plea involuntarily, which is a ground specified in rule 9.140(b)(2)(A)(ii)(c), because he was fearful of the consequences if he proceeded to trial, he had no experience in the court system, and he did not know that he would lose his employment as a result of entering a plea.
At the hearing on his motion, Murphy stated that he thought that by entering a plea and completing his probation he would be able to keep his job. A trial court is only required to ensure that a defendant is aware of the direct consequences of his plea, those having a definite, immediate, and automatic effect on the defendant’s punishment. State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003); Watrous v. State, 793 So.2d 6, 9 (Fla. 2d DCA 2001). The trial court correctly concluded that the loss of employment was a collateral consequence of Murphy’s plea. A claim that a defendant was not informed of a collateral consequence of entering a plea is insufficient to render a plea involuntary and does not provide a basis to withdraw a plea. Watrous, 793 So.2d at 10.
Accordingly, we affirm the trial court’s denial of Murphy’s motion to withdraw his plea.
WHATLEY and CANADY, JJ., Concur.