879 So.2d 663 (2004)
Dennis BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1177.
District Court of Appeal of Florida, Fifth District.
August 6, 2004.
Dennis Baker, Mayo, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Baker appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he seeks to collaterally attack his conviction and sentence of fifteen years, for robbery *664 with a mask.[1] His conviction and sentence were affirmed on direct appeal. Baker v. State, 845 So.2d 211 (Fla. 5th DCA 2003). He argues in this proceeding that his trial counsel was ineffective for the following reasons: for failing to attack the credibility of the state's witness, the co-defendant; for "unprofessionally" advising him to enter a guilty plea; and for advising him to plead to a fifteen-year cap with the promise of a youthful offender sentence when Baker did not qualify because of his age. We affirm.
With regard to the first ground, a guilty plea cuts off inquiry into all issues arising prior to the plea. See Stano v. State, 520 So.2d 278, 280 (Fla.1988); Bodden v. State, 766 So.2d 416, 417 (Fla. 4th DCA 2000). Any further attack on the credibility of Baker's co-defendant was rendered pointless by his guilty plea.
As to Baker's second point, that his counsel was "unprofessional" when he advised him to plead guilty in a case where the proof against him was largely circumstantial, this allegation is too general to present a claim of professional inadequacy on the part of trial counsel. We also observe, based on the record, that by entering his plea, Baker avoided the possibility of being convicted of armed robbery and thereby facing a longer potential sentence.
The third ground raised by Baker gives us some concern. He alleges that his counsel promised him a youthful offender sentence when he was not eligible for such a sentence. There is no mention in the plea transcript or the written plea agreement of a possible youthful offender sentence. The court advised that it could sentence Baker to any term up to fifteen years. However, Baker was not asked if any other promises had been made to him, other than a fifteen-year cap.
As the state points out in this case, Baker did not allege that he would not have entered his guilty plea had he known he would not be sentenced as a youthful offender. See Grosvenor v. State, 874 So.2d 1176 (Fla.2004) (to establish prejudice in a plea case, the defendant must demonstrate a reasonable probability that, but for counsel's error, defendant would not have entered a plea). However, in plea cases, inaccurate advice by counsel as to the length of a sentence can be a basis for post-conviction relief when not conclusively refuted by the record. State v. Leroux, 689 So.2d 235 (Fla.1996); Fisher v. State, 824 So.2d 1050 (Fla. 3d DCA 2002). The essence of a challenge to the voluntariness of a plea is that trial counsel was ineffective in some way by misinforming the defendant as to sentencing rights or options, thus establishing that the defendant did not enter a knowing and voluntary plea. See Barnhill v. State, 828 So.2d 405, 407 (Fla. 5th DCA 2002).
Under these circumstances, we think Baker's motion comes close to stating sufficient grounds for collateral relief, which would merit a remand to the trial court to either attach portions of the record conclusively refuting his allegations or to hold an evidentiary hearing. The state concedes that had Baker also alleged that but for the misadvice by counsel he would not have entered his plea, and that he seeks to withdraw it, an evidentiary hearing would be required. Accordingly we affirm without prejudice to Baker to file an amended motion which contains those essential allegations.
AFFIRMED.
SAWAYA, CJ., and TORPY, J., concur.
NOTES
[1] §§ 812.13(2)(c), 775.0845(2)(b), Fla. Stat. (2001).