907 So.2d 630 (2005)
Gerard B. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-66.
District Court of Appeal of Florida, Second District.
July 27, 2005.
NORTHCUTT, Judge.
Gerard B. Smith appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the circuit court's dismissal of claim one as facially insufficient without further comment. We reverse the denial of claim two and remand for further consideration of that claim.
In claim two of his motion, Smith alleged that he pleaded nolo contendere to his charges based on his counsel's misadvice regarding his gain time eligibility and resulting release date. The circuit court summarily denied the claim, ruling that Smith's allegation was refuted by the record of Smith's plea colloquy, at which it was clear that Smith's desire to have his sentence run coterminous with another sentence arising from a violation of probation would not be accommodated. However, the court failed to address Smith's claim that he pleaded only because of counsel's misadvice about gain time.
Misrepresentations by counsel as to the length of a sentence or eligibility for gain time can be the basis for postconviction relief in the form of leave to withdraw a plea. State v. Leroux, 689 So.2d 235 (Fla.1996). Additionally, rule 3.850 explicitly *631 requires that the record "conclusively" rebut an otherwise cognizable claim if it is to be denied without a hearing. Id. at 237. Here, the record of Smith's plea colloquy simply does not refute his claim that his counsel misadvised him.
Since the record attached to the circuit court's order does not conclusively refute Smith's claim, we reverse and remand for the court either to attach record evidence conclusively refuting the claim or to conduct an evidentiary hearing. See Kleppinger v. State, 884 So.2d 146 (Fla. 2d DCA 2004). We note that in its response to Smith's motion in the circuit court, the State expressed its difficulty understanding why Smith would risk a possible eleven-year prison sentence based on his complaint that he had served one more month in jail than he had anticipated. We, too, caution Smith that if he ultimately withdraws his plea and avoids the plea agreement, the State will be released from the plea agreement as well. See Green v. State, 857 So.2d 304 (Fla. 2d DCA 2003).
Affirmed in part; reversed in part and remanded.
CASANUEVA and DAVIS, JJ., Concur.