933 So.2d 2 (2006)
Miguel Angel COLON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5448.
District Court of Appeal of Florida, Second District.
April 19, 2006.
Rehearing Denied May 30, 2006.
LaROSE, Judge.
Miguel Angel Colon challenges the postconviction court's summary denial of his motion for relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The records attached to the postconviction court's order do not conclusively refute claim nine of Mr. Colon's motion. Consequently, we reverse and remand as to this claim. We affirm, without further comment, all other aspects of the postconviction court's denial of relief.
Mr. Colon was charged with possession of cocaine, possession of cannabis, armed trafficking in heroin, conspiracy to traffic in heroin, and carrying a concealed firearm. He pleaded guilty to possession of cocaine and possession of cannabis. A jury convicted him of the other offenses. The trial court sentenced Mr. Colon to five concurrent ten-year prison sentences.
*3 In claim nine of his rule 3.850 motion, Mr. Colon contends that his trial counsel was ineffective for failing to object to the trial court accepting his guilty plea to possession of cocaine and possession of cannabis. According to Mr. Colon, at the time of his plea, he suffered from a mental defect and was taking psychotropic medications. Allegedly, his trial counsel knew of these facts. Mr. Colon argues that his plea was involuntary under these circumstances. This claim is facially sufficient. See Szeremi v. State, 862 So.2d 935, 936 (Fla. 2d DCA 2004); Robinson v. State, 909 So.2d 497, 499 (Fla. 5th DCA 2005); Mosley v. State, 888 So.2d 734, 734 (Fla. 1st DCA 2004).
The postconviction court denied claim nine as conclusory, without attaching any record attachments conclusively refuting the claim. On remand, the postconviction court should attach to any subsequent order any records that conclusively refute Mr. Colon's claim or conduct an evidentiary hearing on claim nine.
Affirmed in part, reversed in part, and remanded.
SALCINES and SILBERMAN, JJ., Concur.