930 So.2d 852 (2006)
Raymond YOUNGBLOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3934.
District Court of Appeal of Florida, Second District.
June 14, 2006.
PER CURIAM.
Raymond Youngblood appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He was sentenced on a violation of probation in June 2003 stemming from convictions for crimes that occurred in 1995. Although his argument is not well-crafted, Youngblood seeks to withdraw his guilty plea because the length of his prison term was misrepresented to him at sentencing. The postconviction court summarily denied the motion as untimely, finding that Florida Rule of Criminal Procedure 3.170(l) allows a defendant who pleaded guilty without expressly reserving the right to appeal a legally dispositive issue to file a motion to withdraw that plea within thirty days after rendition of the sentence. We reverse and remand.
The failure to file a timely rule 3.170(l) motion does not prevent an involuntary plea claim from being raised in a rule 3.850 motion. See Murray v. State, 909 So.2d 998 (Fla. 2d DCA 2005). Moreover, the record attached to the postconviction court's order suggests that Youngblood is entitled to relief because the State and defense counsel advised him that he would be transported to the Department of Corrections (DOC) only as a formality and would not have to actually serve a prison sentence due to his previously earned prison *853 credit. See Williamson v. State, 841 So.2d 694 (Fla. 2d DCA 2003) (holding when DOC's cancellation of credits conflicts with the intent of the plea agreement, the defendant is entitled to be sentenced in such a way that the intent of the negotiated plea is followed or to withdraw his plea).
We therefore reverse the postconviction court's summary denial of Youngblood's rule 3.850 motion as untimely and remand for an evidentiary hearing. We caution Youngblood that if he ultimately withdraws his plea and voids the plea agreement, the State will be released from the plea agreement as well. See Smith v. State, 907 So.2d 630 (Fla. 2d DCA 2005).
Reversed and remanded.
CASANUEVA, DAVIS, and SILBERMAN, JJ., Concur.