932 So.2d 1229 (2006)
Gary Lee MUNGEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-328.
District Court of Appeal of Florida, Second District.
July 7, 2006.
NORTHCUTT, Judge.
Gary Mungen challenges the order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As to his claim of ineffective *1230 assistance of counsel, we affirm the denial of relief without further comment. However, we reverse the postconviction court's finding that the record conclusively refutes Mungen's claim that his plea was involuntarily entered and remand for an evidentiary hearing.
Mungen's motion and accompanying memorandum of law, which was sworn, argued that his plea was involuntary because he was under the influence of psychotropic medication at the time he entered it and that he would not have agreed to the plea if he had not been under the influence. Such a claim is facially sufficient and cognizable under rule 3.850. See Colon v. State, 933 So.2d 2, 2006 WL 1098269 (Fla. 2d DCA Apr.19, 2006); Mosley v. State, 888 So.2d 734, 734 (Fla. 1st DCA 2004).
When summarily denying this claim, the postconviction court attached a copy of the plea colloquy in Mungen's case. The fact that Mungen was medicated was discussed during the colloquy, and Mungen's counsel told the trial court that the medication was not affecting Mungen's ability to plead and understand the consequences of the plea. However, the trial court never personally asked Mungen whether the medication was affecting his ability to understand the proceeding and to voluntarily plead. See Fla. R.Crim. P. 3.172(c) ("Except when the defendant is not present for a plea, . . . the trial court should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands: (1) the nature of the charge to which the plea is offered . . . .").
Although the plea transcript reflects that the trial court was concerned about the effect of the medications and satisfied itself that they were not impairing Mungen's ability to enter the plea, the transcript does not conclusively refute his claim to the contrary. See Campbell v. State, 488 So.2d 592, 592-93 (Fla. 2d DCA 1986). Accordingly, we reverse and remand this case for the postconviction court to conduct an evidentiary hearing as to this claim.
Affirmed in part; reversed and remanded in part.
KELLY and WALLACE, JJ., Concur.