PER CURIAM.
Carolyn Smith entered a nolo contende-re plea to two felony counts and was sentenced to twenty years incarceration. She filed a Notice of Appeal “seeking to appeal the sentence,” but then voluntarily dismissed her appeal. Eleven months after her sentencing hearing, Smith filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging that her trial counsel was ineffective because he failed to call favorable witnesses and because he misled her as to the consequences of her plea.
The trial court treated Smith’s motion as a motion filed pursuant to Florida Rule of Criminal Procedure 3.170(l) and denied the motion as untimely. Rule 3.170(l) permits a defendant who pleaded guilty or nolo contendere, without expressly reserving the right to appeal a legally dispositive issue, to file a motion to withdraw that plea within thirty days after rendition of the sentence.
The State concedes that the trial court erred. The failure to file a timely Rule 3.170(Z) motion does not prevent an involuntary plea claim from being raised in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Youngblood v. State, 930 So.2d 852 (Fla. 2d DCA 2006); see also Barnhill v. State, 828 So.2d 405 (Fla. 5th DCA 2002). On remand, the trial court is to treat Smith’s motion as a motion filed pursuant to Rule 3.850.
REVERSED and REMANDED.
PLEUS, TORPY and EVANDER, JJ., concur.