997 So.2d 1275 (2009)
Timothy MARCKMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-1689.
District Court of Appeal of Florida, Second District.
January 7, 2009.
STRINGER, Judge.
Timothy Marckman seeks review of the trial court's order summarily denying his motion for postconviction relief, which was filed pursuant to Florida Rule of Criminal Procedure 3.850. Marckman's motion raised six claims, and Marckman raises five issues on appeal. We agree with Marckman that the postconviction court erred in summarily denying ground four of his motion, in which he alleged that his plea was involuntary because the trial court failed to advise him regarding the consequences of a habitual felony offender ("HFO") sentence. Accordingly, we reverse and remand for reconsideration of this claim. We affirm the denial of the remainder of Marckman's claims without comment.
Marckman entered a guilty plea to charges of attempted arson, burglary, and possession of paraphernalia. Marckman's plea deal provided for a sentence of fifteen years in prison with ten years suspended and to be served on probation. After Marckman entered his plea, the court granted him a one-week furlough. The court informed Marckman that it would sentence him to thirty years as an HFO if he got arrested on a new charge while out on the furlough or failed to appear for sentencing. Marckman agreed to this additional term, and trial counsel amended his change of plea form accordingly. Marckman failed to appear for sentencing and was subsequently arrested for failure to appear and for a new charge. The trial *1276 court sentenced Marckman to thirty years in prison as an HFO with ten years suspended and to be served on probation.
In ground four of his postconviction motion, Marckman argued that the trial court erred by failing to follow the dictates of Florida Rule of Criminal Procedure 3.172(c). Specifically, Marckman argued that the court failed to (1) determine if his plea was voluntary, (2) fully state the charges to which Marckman was pleading, (3) inform Marckman of the maximum penalty for the crimes, and (4) discern whether Marckman understood the meaning of the habitual offender designation. The postconviction court summarily denied relief on this claim based on its finding that claims alleging trial court error are not cognizable under rule 3.850 because they could have been raised on direct appeal.
On appeal, Marckman correctly argues that his challenges to the voluntary nature of his plea are cognizable under rule 3.850. See Mungen v. State, 932 So.2d 1229, 1230 (Fla. 2d DCA 2006) (holding that claim that plea was involuntary because the court failed to comply with rule 3.172(c) was cognizable in a rule 3.850 motion); Youngblood v. State, 930 So.2d 852, 852 (Fla. 2d DCA 2006) (holding that an involuntary plea claim is cognizable in a rule 3.850 motion); Butler v. State, 764 So.2d 794, 795 (Fla. 2d DCA 2000) ("absent a timely motion to withdraw a plea, the issue of whether a defendant was properly informed of the collateral consequences of habitualization was a postconviction issue"). Thus, the postconviction court erred in denying relief on this basis.
Moreover, a review of the transcript of the plea hearing reflects that the trial court did not fully comply with rule 3.172(c). Although the court informed Marckman about the charges to which Marckman was pleading and the maximum penalty for the crimes, the court did not discern whether Marckman understood the meaning of the HFO designation. It is well-settled that a trial court must confirm that the defendant understands the consequences of an HFO sentence. See State v. Wilson, 658 So.2d 521, 522 (Fla.1995); Ashley v. State, 614 So.2d 486, 490 (Fla. 1993). Marckman stated a facially sufficient claim on this basis because he asserted he would not have entered into the plea agreement if he had been so informed. See Golden v. State, 703 So.2d 1207, 1208 (Fla. 1st DCA 1997). Accordingly, we reverse and remand for reconsideration of claim four of Marckman's motion for postconviction relief.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, C.J., and VILLANTI, J., Concur.