PER CURIAM.
Nicholas Odegaard appeals the denial of his amended motion for relief from his conviction for robbery with a weapon after an open plea, the resulting revocation of his community control, and his forty-five-year prison sentence. See Fla. R. Crim. P. 3.850(a)(5). The postconviction court erred in finding that Mr. Odegaard’s trial counsel did not perform deficiently. Consequently, we reverse, in part.

Background

In 2008, Mr. Odegaard pleaded guilty to theft-related offenses. At the plea hearing, the trial court informed him that he faced a maximum prison sentence of fifteen years. The trial court, however, imposed a youthful offender sentence of two years’ community control, followed by four years of probation.
In 2009, Mr. Odegaard violated his community control by committing robbery with a weapon. See § 812.13(2)(b), Fla. Stat. (2008). This offense carried a maximum sentence of thirty years. § 775.082(3)(b), Fla. Stat. (2008). To resolve this new offense and the community control violation, the State offered Mr. Odegaard a plea deal of fifteen years in prison followed by five years of probation. The prosecutor stated he would upgrade the new charge to robbery with a firearm, an offense punishable by life with a ten-year mandatory minimum, if Mr. Odegaard did not accept the offer. See §§ 812.13(2)(a) (robbery with firearm); 775.082(3)(a)(3) (life sentence); 775.087(2)(a)(1) (ten-year minimum for firearm).
Mr. Odegaard’s trial counsel advised him that the only way to receive less than fifteen years was to enter an open plea and ask the trial court to consider his young age. Counsel hoped for a bottom-of-the-guidelines sentence of seventy-six months. Mr. Odegaard pleaded open but did not fare well at the subsequent sentencing hearing in May 2009. The trial court accepted the plea and sentenced Mr. Ode-gaard to thirty years for the armed robbery and fifteen years for the underlying community control offenses, consecutive.
Mr. Odegaard filed an unsuccessful post-trial motion to reduce his sentence. See Fla. R. Crim. P. 3.800(c). We thereafter affirmed his convictions and sentences on appeal. Odegaard v. State, 44 So.3d 589 (Fla. 2d DCA 2010) (table decision). Mr. Odegaard then filed his motion for post-conviction relief. He claims that his trial *507 counsel was ineffective for misadvising him to reject the State’s offer and plead open and for failing to inform him that he faced up to forty-five years in prison. Mr. Ode-gaard asserts that had counsel correctly advised him, he would have accepted the fifteen-year offer.
The postconviction court held an eviden-tiary hearing on the motion. At the hearing, the court warned Mr. Odegaard that if he succeeded, he would start anew with a community control violation and a robbery charge pending. The State could upgrade the charge and refuse to offer any plea deal. Mr. Odegaard acknowledged the risk.
Trial counsel testified that he did not tell Mr. Odegaard to reject any offers from the State. Counsel stated that he told Mr. Odegaard that in entering an open plea he “would be asking for the bottom of the guidelines, or below.” However, he also told Mr. Odegaard that “it was most likely going to be at least the bottom of the guidelines, if not more, based on his current situation. And that [sic] the judge could in fact give him more than the State Attorney was offering.” The postconviction judge asked trial counsel whether he advised Mr. Odegaard that “judges do not usually go to the bottom of the guidelines when ... you’re already on probation, or community control, and this is a new charge and it’s a robbery charge.” Trial counsel did not recall giving such advice. Trial counsel also testified that his notes did not show — and he did not remember— that he informed Mr. Odegaard that the trial court could impose consecutive sentences.
Indeed, the trial court informed Mr. Odegaard at the plea hearing in April 2009 only that the maximum sentence for armed robbery was thirty years. No plea form was used for the community control violation case. The only plea form was for the robbery offense, which showed a maximum penalty of thirty years. Our record contains nothing in writing informing Mr. Odegaard of the forty-five-year maximum sentence he faced.
The postconviction court denied the motion, finding that trial counsel’s performance was not deficient. Implicit in the order on appeal is a conclusion that trial counsel did not advise Mr. Odegaard to reject any offer. The postconviction court also found that Mr. Odegaard “was warned of the maximum penalties he faced in each case”: he “was warned that he faced 15 years during the August 14, 2008, plea colloquy” and “was informed of the 30 year maximum at his April 13, 2009, plea date.” We can only conclude that the postconviction court found that trial counsel was not deficient in failing to advise about consecutive sentences because Mr. Odegaard knew of the potential sentences well before his May 2009 sentencing.

Analysis

Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is the bedrock upon which we construct any analysis of an ineffectiveness of counsel claim. Strickland demands that a defendant demonstrate first that counsel’s performance was deficient and second that the deficient performance prejudiced the defense. Id. at 687, 104 S.Ct. 2052. “[T]he defendant must show that counsel’s representation fell below an objective standard of reasonableness” based on professional norms. Id. at 688, 104 S.Ct. 2052; accord Schwab v. State, 814 So.2d 402, 408 (Fla.2002). Next, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694,104 S.Ct. 2052; accord Schwab, 814 So.2d at 408. A postconviction court’s finding that trial counsel’s performance *508 was not deficient is a determination that no ineffective assistance of counsel occurred, and the postconviction court may deny the motion without reaching Strickland’s prejudice prong. See Strickland, 466 U.S. at 697, 104 S.Ct. 2052. That is the case here, certainly, with regard to the claim that trial counsel advised Mr. Ode-gaard to reject any State offer. Although making no express finding, the postconviction court obviously found trial counsel credible when he denied telling Mr. Ode-gaard to reject a fifteen-year plea offer. The postconviction court properly denied relief on this claim. Our task is not ended, however. We must now assess whether trial counsel was ineffective in failing to advise Mr. Odegaard that he faced up to forty-five years in prison.
Florida Rule of Criminal Procedure 3.171(c)(2)(B) admonishes “[d]efense counsel [to] advise defendant of ... all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant.” (Emphasis added.) By entering an open plea to the robbery charge and facing a revocation of community control, Mr. Odegaard confronted up to forty-five years in prison if the trial court imposed consecutive sentences. Unquestionably, a plea cannot be knowing and voluntary if the defendant does not understand all direct consequences of the plea, including those that affect the range of punishment. See Murphy v. State, 868 So.2d 585, 586 (Fla. 2d DCA 2004) (citing State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003); Watrous v. State, 793 So.2d 6, 8-9 (Fla. 2d DCA 2001)).
Trial counsel testified that his notes did not reflect that he warned Mr. Odegaard of a possible forty-five-year sentence, and he did not remember giving him such a warning. The trial court said nothing about a possible consecutive sentence. Mr. Odegaard testified that he was unaware of such a prospect; the postconviction court gave no indication that Mr. Ode-gaard was not credible on this point. That Mr. Odegaard was warned of the fifteen-year maximum on the underlying cases in 2008 and was warned a year later in 2009 of the thirty-year maximum for robbery with a weapon does not constitute competent substantial evidence that he understood at the 2009 plea hearing that he faced forty-five years in prison. Based on our record, we must conclude that Mr. Odegaard has satisfied the deficient performance prong of Strickland. We therefore reverse the postconviction court’s order and remand for the postconviction court to consider whether Mr. Odegaard suffered prejudice as a result of trial counsel’s deficient performance in failing to advise him of the potential for consecutive sentences.
As did the postconviction court, we admonish Mr. Odegaard of the potentially harsh consequences he faces if he succeeds. Even where trial counsel’s misad-vice results in a defendant’s rejection of a favorable plea offer, the State is not required to reoffer its original plea on remand. See Rudolf v. State, 851 So.2d 839, 841-42 (Fla. 2d DCA 2003); Eristma v. State, 766 So.2d 1095, 1097 (Fla. 2d DCA 2000). And because Mr. Odegaard violated his youthful offender community control with a new substantive offense, he again may be sentenced to up to the maximum sentence for the original offenses. See § 958.14, Fla. Stat. (2008). However, he is entitled to retain his youthful offender designation for those offenses upon any resen-tencing. See Yegge v. State, 88 So.3d 1058, 1059-60 (Fla. 2d DCA 2012) (stating although youthful offender may receive maximum sentences for original offenses after *509 substantively violating youthful offender probation, continued youthful offender designation carries benefits such as availability of programs, facilities, and if offender qualifies, early release eligibility (citing Lee v. State, 67 So.3d 1199, 1202 (Fla. 2d DCA 2011))). The record before us does not reflect youthful offender designation at the 2009 sentencing. If Mr. Odegaard elects not to withdraw his plea, he can file a motion to correct this error. See Fla. R. Crim. P. 3.800(a). In any resentencing that may occur as a result of proceedings on remand, the trial court must maintain Mr. Odegaard’s youthful offender designation for the original 2008 offense.
Affirmed in part, reversed in part, and remanded.
DAVIS, C.J., and CASANUEVA, J„ Concur.
LaROSE, J., Concurs with opinion.