KELLY, Judge.
Robert L. Davis appeals the postconviction court’s order denying his motion filed under Florida Rule of Criminal Procedure 3.850. We affirm the denial of relief with respect to grounds two and three of the motion without further comment. However, we reverse the postconviction court’s finding that the record conclusively refutes Mr. Davis’s claim that his plea was involuntarily entered and remand for an evi-dentiary hearing.
In ground one, Mr. Davis alleged that his guilty plea was not entered with a full understanding of the consequences because he was under the influence of a heavy dose of psychotropic medication at the time he entered it. Such a claim is cognizable under rule 3.850 and can constitute grounds to withdraw the plea. See Mungen v. State, 932 So.2d 1229, 1230 (Fla. 2d DCA 2006); Campbell v. State, 488 So.2d 592, 592 (Fla. 2d DCA 1986).
In summarily denying relief on ■ this ground, the postconviction court attached the transcript of Mr. Davis’s plea hearing to refute his allegations. At the start of the hearing, the trial court noted that the court-appointed psychologist recently issued a report indicating Mr. Davis was competent to proceed. As the formal plea colloquy began, the State informed the court that it needed to make a finding as to Mr. Davis’s competency. Without addressing Mr. Davis personally, the court found that based on the psychologist’s competency evaluation Mr. Davis was competent to proceed; Mr. Davis’s counsel approved this finding without comment from Mr. Davis. The court never asked Mr. Davis if he was on any medication at that time and did not inquire “whether the medication was affecting his ability to understand the proceeding and to voluntarily plead.” Mungen, 932 So.2d at 1230 (citing Fla. R. Crim. P. 3.172(c)).
Although the transcript reflects Mr. Davis responded in the affirmative when asked if he understood the rights he was giving up, “[t]his court has previously held that an affirmative answer during the plea colloquy to these types of questions is insufficient to refute a defendant’s claim for relief.” Rivera v. State, 746 So.2d 542, 542 (Fla. 2d DCA 1999). This is particularly the case when a defendant alleges that he did not understand the proceedings because he was under the influence of a heavy dose of psychotropic medication. Because the record does not conclusively refute Mr. Davis’s claim, we reverse and remand for the postconviction court to conduct an evidentiary hearing as to this claim. See Mungen, 932 So.2d at 1230; Bayer v. State, 902 So.2d 353, 355 (Fla. 2d *934 DCA 2005); Szeremi v. State, 862 So.2d 935, 937 (Fla. 2d DCA 2004).
Affirmed in part, reversed in part, and remanded.
BRACK and SLEET, JJ., Concur.