NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT



LEONARD RICHARD FILIPKOWSKI, )
 )
   Appellant, )
 )
v. ) Case No. 2D17-3869
 )
STATE OF FLORIDA, )
 )
   Appellee. )
_____)

Opinion filed June 8, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; William D. Sites, Judge.

Leonard Richard Filipkowski, pro se.



LaROSE, Chief Judge.


   Leonard Richard Filipkowski appeals a final order summarily denying his

motion and amended motions for postconviction relief.  See Fla. R. Crim. P. 3.850.  He

sought relief on three grounds.  Grounds one and two are legally insufficient or

conclusively refuted by the record.  Accordingly, we affirm, without further discussion,

the order as to those grounds.  In ground three, however, Mr. Filipkowski may be able to

state a facially sufficient claim if given an opportunity to amend his motion to assert the

requisite prejudice.  We reverse the order as to ground three and direct the postconviction court to strike it with leave to amend within a reasonable time.[1]

Mr. Filipkowski pleaded no contest and was convicted of four counts of lewd and lascivious molestation of a victim over twelve and under sixteen years of age; two counts of lewd and lascivious exhibition to a victim under sixteen years of age; battery; possession of a photograph of a sexual performance by a child; and use of a computer server to seduce, solicit, or entice a child.  The trial court sentenced Mr. Filipkowski to time served on the battery count; it imposed consecutive five-year sentences for a total of forty years' imprisonment on the remaining counts.  Mr. Filipkowski did not pursue a direct appeal.

Mr. Filipkowski filed a timely, counseled motion for postconviction relief.  In ground three, he alleged that his plea was involuntary because the trial court failed to explain, as required by Florida Rule of Criminal Procedure 3.172(c)(1), that the maximum possible sentence was 105 years' imprisonment[2] if the court imposed consecutive sentences for each offense.  Allegedly, "he would not have entered into the Plea Agreement he did had he been informed of the maximum number of years that

---

[1]Judge Mark F. Carpanini entered an order denying grounds one and three and denying relief on ground two, in part.  Thereafter, Judge Carpanini recused himself before entry of a final order on the motion and amended motions.  Judge William D. Sites entered the final order on review, adopting Judge Carpanini's prior rulings, including the denial of ground three.

[2]Mr. Filipkowski miscalculated his actual maximum possible sentence.  He pleaded no contest to six second-degree felonies, two third-degree felonies, and a first-degree misdemeanor.  Thus, he faced a maximum sentence of 101 years' imprisonment.  See §§ 784.03(1), Fla. Stat. (2009 and 2010); §§ 800.04(5)(c)(2), (7)(b), Fla. Stat. (2008, 2009, and 2010); §§ 827.071(5)(a), 847.0135(3), Fla. Stat. (2011).  If the trial court had imposed the maximum sentence for each offense concurrently, Mr. Filipkowski faced fifteen years' imprisonment.

could be imposed or that the Counts to which he was entering his plea could be run consecutively; totaling up to 105 years."

Mr. Filipkowski also alleged that his trial counsel was ineffective for failing to advise him of the plea terms, including the possibility of a 105-year prison term. Mr. Filipkowski failed to allege prejudice resulting from counsel's alleged deficient performance. Instead, he recognized that he "must meet a high threshold to withdraw a plea after Sentencing, and it is [his] burden to prove that a manifest injustice has occurred and that a withdrawal of the plea is necessary to correct that injustice, [and] is prepared to assume that burden." He asked to withdraw his plea. Alternatively, Mr. Filipkowski requested an evidentiary hearing to determine whether his plea was voluntary.

The State responded that any failure by the trial court to comply with rule 3.172(c)(1) was a trial court error not subject to collateral review. The State conceded, however, that Mr. Filipkowski was entitled to raise the claim under <u>Marckman v. State</u>, 997 So. 2d 1275 (Fla. 2d DCA 2009). Even so, the State argued that the record conclusively refuted Mr. Filipkowski's claim that the trial court failed to comply with rule 3.172(c)(1). It argued that rule 3.172(c)(1) only requires a trial court to advise a defendant of the maximum penalty for each offense, which was done. Thus, the State argued that ground three should be denied.

In reply, Mr. Filipkowski contended that he was entitled to an evidentiary hearing on his claim that trial counsel failed to inform him about the prospect of consecutive sentences. He maintained that "while it is true that the trial court never advised [him] of the fact that the maximum sentences on all Counts could be run

- 3 -

consecutive . . . his trial counsel affirmatively misadvised him of his exposure to consecutive sentencing as well." He requested that "to the extent that the [postconviction court] determines that it is required that [he] swear, under oath, that but-for the ineffectiveness of his trial counsel as to the consequences of his plea, he would have proceeded to trial," he be given a reasonable opportunity to amend his motion in accordance with Spera v. State, 971 So. 2d 754 (Fla. 2007).

Thereafter, the postconviction court summarily denied relief on ground three:

> Defendant's third claim is that his plea was involuntarily entered as he was never informed of his maximum statutory exposure. During the plea colloquy, the Defendant was informed that counts one through seven and nine were second degree felonies, punishable by up to 15 years; and that counts eight, ten, eleven and twelve are third degree felonies punishable by up to 5 years. The Court agrees with the State's response that this was sufficient to inform the Defendant of the maximum possible penalty of the charges.

We review an order summarily denying a postconviction motion de novo. See Martin v. State, 205 So. 3d 811, 812 (Fla. 2d DCA 2016). To plead a facially sufficient ineffective assistance of trial counsel claim, Mr. Filipkowski must plead facts establishing that his or her trial counsel's performance was deficient and that he was prejudiced thereby. See id. (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "In the plea context, a defendant satisfies the prejudice requirement only where he can demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Hernandez v. State, 124 So. 3d 757, 762 (Fla. 2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless

- 4 -

(1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000); see also Fla. R. Crim. P. 3.850(f)(5).

In his reply, Mr. Filipkowski abandoned his claim of involuntary plea based upon the trial court's failure to comply with rule 3.172(c)(1). He focused on trial counsel's alleged deficient performance.[3] Counsel's alleged inaccurate advice about the length of a sentence can be a basis for postconviction relief when not conclusively refuted by the record. Baker v. State, 879 So. 2d 663, 664 (Fla. 5th DCA 2004); see also Campbell v. State, 139 So. 3d 490, 494 (Fla. 2d DCA 2014) (holding that a defendant's allegation that had he been properly advised of the maximum penalty that he faced he would not have entered a plea but would have insisted on going to trial states a facially sufficient claim for postconviction relief); Gadson v. State, 807 So. 2d 817, 817 (Fla. 4th DCA 2002) (noting same).

Counsel must advise his client about "all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant." Fla. R. Crim. P. 3.171(c)(2)(B). "[A] plea cannot be knowing and voluntary if the defendant does not understand all direct consequences of the plea, including those that

---

[3]A defendant may seek to withdraw from an involuntary plea under rule 3.850(a)(5) based upon the trial court's alleged failure to advise him of his maximum penalty in accordance with rule 3.172(c)(1). Marckman, 997 So. 2d at 1276 (first citing Mungen v. State, 932 So. 2d 1229, 1230 (Fla. 2d DCA 2006); then citing Youngblood v. State, 930 So. 2d 852, 852 (Fla. 2d DCA 2006); and then citing Butler v. State, 764 So. 2d 794, 795 (Fla. 2d DCA 2000)).

affect the range of punishment." Odegaard v. State, 137 So. 3d 505, 508 (Fla. 2d DCA 2014) (emphasis added). Thus, trial counsel's failure to advise a defendant entering an open plea that his sentences can be imposed consecutively to increase the sentencing range constitutes deficient performance. Id. (holding that trial counsel's failure to advise the defendant that his maximum statutory sentences of thirty and fifteen years could be imposed consecutively for a total sentence of forty-five years' imprisonment constituted deficient performance and rendered the plea involuntary); cf. Nelfrard v. State, 34 So. 3d 221, 223 (Fla. 4th DCA 2010) (holding that the record conclusively refuted the defendant's claim that counsel misinformed him about the maximum penalty he faced; "[d]uring the plea colloquy, the defense attorney and the court both informed the defendant of the maximum sentences to which he *could* be sentenced, noting that he could face any sentence *up to* the maximum of consecutive five-year sentences on the two cases"). Simply advising a defendant of the maximum statutory sentence for each offense without advising him that those sentences may be imposed consecutively to increase the defendant's maximum possible penalty is insufficient. See Odegaard, 137 So. 3d at 507-08.

Notably, Mr. Filipkowski faced a maximum possible penalty of 101 years' imprisonment. He received a forty-year sentence, which is significantly greater than a total of fifteen years' imprisonment if the trial court had imposed the maximum statutory sentences concurrently.

Nothing in our record reflects that Mr. Filipkowski knew that his sentences could be imposed consecutively or that he faced a maximum possible penalty of 101

years' imprisonment.[4]  Thus, the record does not conclusively refute ground three of his motion.  We also conclude that Mr. Filipkowski is entitled to an opportunity to amend his motion to assert the requisite prejudice, if he can.  See Fla. R. Crim. P. 3.850(f); see also Spera, 971 So. 2d 754.

We affirm the order to the extent that it denied relief on grounds one and two of the motion.  We reverse the order to the extent that it summarily denied relief on ground three.  We direct the postconviction court to strike ground three with leave to amend within a reasonable time.  The postconviction court may, again, summarily deny ground three if Mr. Filipkowski fails to allege the requisite prejudice or the postconviction court attaches those portions of the record that conclusively refute the claim.  Otherwise, it must hold an evidentiary hearing.  See Fla. R. Crim. P. 3.850(f).

Affirmed in part, reversed in part, and remanded with directions.


MORRIS and LUCAS, JJ., Concur.

_____

[4]The plea transcript reflects that there was no written plea agreement.  In addition, Mr. Filipkowski had no prior convictions.  During the plea colloquy, Mr. Filipkowski agreed that no one had made any promises about his sentences, and he acknowledged that his attorneys had given him the "sentencing guidelines."  (Presumably, he meant that his attorneys gave him his scoresheet.)  Although the scoresheet presumably would have reflected Mr. Filipkowski's maximum possible sentence, the scoresheet is not included in the record, and we cannot assume that it did so.  Cf. Campbell, 139 So. 3d at 494 (holding that the postconviction court could not rely on the waiver of rights form to refute the defendant's claim that he was not advised of his maximum possible sentence when "the trial court failed to conduct a proper plea colloquy and determine whether [the defendant] understood the form").