# Third District Court of Appeal

## State of Florida

Opinion filed August 1, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2597
Lower Tribunal No. 15-8689
_____

**Murad Ayesh,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

David S. Molansky, for appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LAGOA, FERNANDEZ, and LINDSEY, JJ.

LAGOA, J.

Appellant, Murad Ayesh ("Ayesh"), appeals from the trial court's order denying his motion for post-conviction relief filed pursuant to Florida Rule of

Criminal Procedure 3.850. In his post-conviction motion and on appeal, Ayesh argues that defense counsel was ineffective because he misadvised Ayesh regarding the impact of his plea on future employment, and therefore, his guilty plea should be vacated. Because loss of employment is a collateral consequence and not a direct consequence of the plea, we affirm the trial court's order.

It is well-established that a defendant must only be made aware of the direct consequences of his or her plea. See State v. Partlow, 840 So. 2d 1040, 1042 (Fla. 2003). The distinction between direct and collateral consequences of a plea "'turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.'" Major v.State, 814 So. 2d 424, 431 (Fla. 2002) (quoting Zambuto v. State, 413 So. 2d 461, 462 (Fla. 4th DCA 1982)). However, neither "'the trial court nor counsel is required to forewarn a defendant about every conceivable collateral consequence of a plea to criminal charges.'" State v. Rodriguez, 990 So. 2d 600, 607 (Fla. 3d DCA 2008) (quoting Simmons v. State, 611 So. 2d 1250, 1252 (Fla. 2d DCA 1992)).

Because the impact of a plea on current or future employment is a collateral consequence of the plea, as it does not affect a defendant's range of punishment in any manner, we find that it is insufficient to render a plea involuntary and therefore does not provide a basis to vacate a plea. See Murphy v. State, 868 So. 2d 585, 586 (Fla. 2d DCA 2004) (finding that trial court "correctly concluded that the loss

2

of employment was a collateral consequence of Murphy's plea").  Accordingly, we affirm the trial court's order denying Ayesh's post-conviction motion.

Affirmed.