NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KENNETH PEREZ,                           )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D17-4670
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____  )

Opinion filed September 21, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Jalal Harb, Judge.

Kenneth Perez, pro se.

KHOUZAM, Judge.

        Kenneth Perez appeals the order summarily denying his motion filed

under Florida Rule of Criminal Procedure 3.850.  We reverse the portion of the order

that summarily denies ground one and remand for the postconviction court to reconsider

this claim.  We affirm without comment the portion of the postconviction court's order

that summarily denies ground two.

        On November 21, 2014, Mr. Perez entered a negotiated plea to second-

degree murder, armed burglary with an assault, and attempted robbery with a deadly

weapon.  In exchange for his pleas, the trial court imposed concurrent sentences of

thirty-five, thirty, and fifteen years' imprisonment, respectively, with twenty-year minimum mandatory terms for the murder and burglary. Mr. Perez did not appeal his judgment and sentences, but he filed a timely motion under rule 3.850.

Mr. Perez asserted in ground one of his motion that he informed his trial counsel that he suffered from mental illness, that he had previously been involuntarily committed due to his mental illness, and that his mental illness prevented him from assisting his counsel in preparation of his defense. He further alleged that "[a]t the time of entering the plea, Defendant wavered between using a cocktail of sedatives that seized his competence, and refusing the cocktail due to its adverse psychiatric effect" and that if his counsel had investigated, the trial court would have found him incompetent to enter a plea. The postconviction court ruled that the "very detailed" plea colloquy conclusively refutes this claim because Mr. Perez "had multiple opportunities to advise the Court regarding any mental health concerns he had in understanding the plea he was making and said nothing to the Court that would raise a legitimate concern about his competency and his ability to understand what he was doing." The postconviction court attached to its order the transcript of the plea colloquy.

"[T]he narrow argument that counsel was ineffective for failing to raise a defendant's competency is cognizable in a rule 3.850 motion." Demarco v. State, 31 So. 3d 975, 976 (Fla. 2d DCA 2010). To plead a facially sufficient claim for relief, a movant must allege both deficient performance (specific facts that would have alerted reasonably competent counsel to the possibility that the movant was incompetent to proceed under the standard codified in rule 3.211) and prejudice (facts "that create a real, substantial and legitimate doubt as to the movant's competency"). Thompson v.

State, 88 So. 3d 312, 319 (Fla. 4th DCA 2012) (citing Fla. R. Crim. P. 3.211(a)(1) ("The experts shall first consider factors related to the issue of whether the defendant meets the criteria for competence to proceed; that is, whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings.")); see Dusky v. United States, 362 U.S. 402, 402 (1960) (holding that to determine whether a person is competent, the trial court must discern whether he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him").

Mr. Perez's allegations that he has a history of mental illness, that the jail prescribed medicine to treat his mental illness, and that the combination of the mental illness and medication affected his ability to assist in his defense and rendered him incompetent when he entered his pleas are sufficient to state a claim of ineffective assistance of trial counsel. See Phillips v. State, 229 So. 3d 426, 430 (Fla. 2d DCA 2017) ("Mr. Phillips informed counsel that he suffered from mental illnesses and was experiencing symptoms that affected his ability to understand the proceedings, notwithstanding that he was taking medications. This claim is facially sufficient . . . ."); Arseneau v. State, 77 So. 3d 1280, 1284 (Fla. 2d DCA 2012) (holding the appellant's claims that his counsel was ineffective in failing to investigate his competency based on his history of mental illness and that he was incompetent when he entered his guilty plea were facially sufficient). Because the postconviction court denied this claim without an evidentiary hearing, this court is required to accept as true those allegations that are

not conclusively refuted by the record.  <u>Peede v. State</u>, 748 So. 2d 253, 257 (Fla. 1999).

And "unless the record shows conclusively that the appellant is entitled to no relief, the

order shall be reversed and the cause remanded for an evidentiary hearing or other

appropriate relief."  Fla. R. App. P. 9.141(b)(2)(D).

The transcript of the plea colloquy reflects that the trial court asked Mr.

Perez twenty-one questions and that with three exceptions, Mr. Perez's answers to

each of the twenty-one questions were "Yes, Sir," "No, Sir," or not audible.  The plea

colloquy reflects the following in regard to Mr. Perez's mental health and his

understanding of the proceeding:

> THE COURT:  Are you currently under the influence of any drug, alcohol, medication anything that [is] affecting your ability to understand what we're doing here today?
>
> THE DEFENDANT:  No, Sir.
>
> THE COURT:  How old are you?
>
> THE DEFENDANT:  Eighteen.
>
> THE COURT:  Eighteen.  And how far did you go in school so far?
>
> THE DEFENDANT:  Ninth grade.
>
> THE COURT:  Okay.  Have you ever been declared incompetent or have any mental problems?
>
> THE DEFENDANT: (No audible response heard).
>
> THE COURT:  You've had some?  Okay.  At this point in time do you fully understand what we're doing?
>
> THE DEFENDANT:  (No audible response heard).
>
> THE COURT:  Do you understand what we're doing here today?

THE DEFENDANT:  Sort of.

THE COURT:  Sort of.  I need to make sure that you are aware of what's going on and the consequences of what you're doing.  You've appeared in front of me any number of times, you've always seemed to be attentive and seemed to understand what is going on as we've been moving this case towards this end or and or towards trial.  But do — have you had an opportunity to sit down and talk to your lawyer about this and the consequences of what you are doing?

THE DEFENDANT:  Yes, Sir.

THE COURT:  Are you satisfied with the services that have been provided by your attorney and the workup he's done on this case?

THE DEFENDANT:  Yes, Sir.

The transcript does not provide sufficient information to conclusively refute Mr. Perez's claim that because his trial counsel did not investigate, he entered his guilty pleas while incompetent to do so.  Mr. Perez's three minimally substantive answers quoted above do not demonstrate that he had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or that he had "a rational as well as factual understanding of the proceedings against him."  Dusky, 362 U.S. at 402.  This court has repeatedly held that "yes" and "no" answers during a plea colloquy are insufficient to conclusively refute an appellant's claim that he did not understand the nature and consequences of a plea due to medication and mental illness.  See Davis v. State, 139 So. 3d 932, 933 (Fla. 2d DCA 2014) (holding that the appellant's affirmative response when asked if he understood the rights he was giving up by pleading guilty did not conclusively refute his claim that he did not understand the consequences of the plea because he was under the influence of a heavy dose of psychotropic medication); Rivera v. State, 746 So. 2d 542, 542 (Fla. 2d DCA 1999) (holding that the appellant's

affirmative and negative responses to the plea colloquy did not conclusively refute his claim that "due to a combination of mental illness as well as the numerous medications he was taking, he could not comprehend the nature and consequences of his plea"). Accordingly, we are required to reverse this portion of the postconviction court's order and remand for the court to reconsider this claim.[1]

We reverse only the portion of the postconviction court's order that summarily denies ground one of Mr. Perez's motion and remand for the postconviction court to reconsider this claim.[2]  Upon remand, the postconviction court shall determine if additional case files and records conclusively refute ground one.  If they do not, the postconviction court shall hold an evidentiary hearing on ground one only.

Affirmed in part; reversed in part; remanded.

LUCAS, and MORRIS, JJ., Concur.

---

[1]To the extent that Mr. Perez claimed that his counsel was ineffective for not investigating "appropriate mental health defenses" to his crimes, mental illness that does not result in insanity, as defined by section 775.027, Florida Statutes (2013), is not a defense.  See generally Chestnut v. State, 538 So. 2d 820 (Fla. 1989).  Mr. Perez did not allege that he was insane when he committed the crimes, so his trial counsel cannot be ineffective for failing to investigate other "appropriate mental health defenses."

[2]The postconviction record reflects that the State charged Mr. Perez with first-degree murder, but he entered a negotiated plea to second-degree murder.  Mr. Perez should be aware that if he ultimately does withdraw his pleas, the State will no longer be bound by the plea agreement.  See Ciambrone v. State, 938 So. 2d 550, 553 (Fla. 2d DCA 2006) (remanding to give the appellant an opportunity to withdraw her plea but noting that "[i]f she does so, neither she nor the State will be bound by the plea agreement" and "she risks being sentenced to a longer term of imprisonment than she is presently serving").